THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  THE INSTITUTE OF CETACEAN          )
10 RESEARCH, a Japanese research foundation; )
   KYODO SENPAKU KAISHA, LTD., a      )
   Japanese corporation; TOMOYUKI OGAWA, )
11 an individual; and TOSHIYUKI MIURA, an )  Case No.: 2:11-cv-02043-RAJ
   individual,                        )
12            Plaintiffs,             )  **DEFENDANTS' ANSWER,**
                                      )  **AFFIRMATIVE DEFENSES, AND**
13        v.                          )  **COUNTERCLAIM**
                                      )
14                                    )
   SEA SHEPHERD CONSERVATION          )
15 SOCIETY, an Oregon nonprofit corporation; )
   and PAUL WATSON, an individual,    )
16                                    )
              Defendants.             )
17                                    )
   ─────────────────────────────────  )
18 SEA SHEPHERD CONSERVATION          )
19 SOCIETY, an Oregon nonprofit corporation, )
                                      )
20          Counterplaintiff,         )
                                      )
21        v.                          )
                                      )
22 THE INSTITUTE OF CETACEAN          )
23 RESEARCH, a Japanese research foundation; )
   KYODO SENPAKU KAISHA, LTD., a      )
24 Japanese corporation; and HIROYUKI  )
   KOMURA, an individual,             )
25                                    )
              Counterdefendants.      )
26                                    )
   ─────────────────────────────────  )

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 1

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

COME NOW Defendants Sea Shepherd Conservation Society and Paul Watson, by and through their attorneys, and respond to Plaintiffs' Complaint as follows:[1]

### NATURE OF THE ACTION

1.     To the extent an answer to paragraph 1 is necessary, Defendants deny the allegations made in this paragraph. The "purpose" of this action is to facilitate Plaintiffs' continued illegal commercial whale slaughter in the Southern Ocean Whale Sanctuary.

### PARTIES

2.     Defendants admit that The Institute of Cetacean Research ("ICR") is a juridical person organized under the laws of Japan, but deny its legitimacy as a "scientific research organization." Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 2, and therefore they deny the same.

3.     Defendants admit that Kyodo Senpaku Kaisha, Ltd. ("Kyodo Senpaku") is a corporation organized under the laws of Japan, but are without sufficient information to admit or deny the remaining allegations in paragraph 3, and therefore they deny the same.

4.     Defendants are without sufficient information to admit or deny the allegations in paragraph 4, and therefore they deny the same.

5.     Defendants admit that Defendant Sea Shepherd Conservation Society ("SSCS") is a nonprofit organization formed under the laws of Oregon and that Defendant SSCS maintains an office in Friday Harbor, Washington, which office constitutes its principal place of business.

6.     Defendants admit that Defendant Paul Watson ("Watson") is the founder and president of SSCS and that he is a registered agent for SSCS with an address at Friday Harbor,

---

[1]Though Defendants are filing an Answer to Plaintiffs' Complaint, Defendants maintain all arguments raised in their Motion to Dismiss.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 2

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1   Washington. Defendants admit that Watson is legally allowed to live in the United States and that he

2   maintains a part-time residence in Friday Harbor, Washington. Defendants further admit that Watson

3   is an agent of SSCS (for some things) and that he participates in directing the affairs of SSCS. To the

4   extent any further allegations remain in paragraph 6, Defendants deny the same.

5
                                    **JURISDICTION AND VENUE**
6

7       7.      Defendants deny that this Court has subject matter jurisdiction, but recognize that the

8   Court has already held otherwise.

9           7.1     Defendants deny that this action actually arises under the laws or treaties of

10  the United States, but recognize that the Court has already held otherwise.

11          7.2     Defendants deny that jurisdiction exists under 28 U.S.C. § 1332(a)(2) because

12  Plaintiffs have not met the amount in controversy requirement. Defendants admit that SSCS is a

13  citizen of Oregon and Washington and that Watson maintains a residence in Washington.

14  Defendants admit that Plaintiffs ICR and Kyodo Senpaku are citizens or subjects of Japan.

15
            7.3     Defendants deny this Court has admiralty jurisdiction, but recognize that the
16
    Court has already held otherwise.
17

18          7.4     Defendants deny that this Court has jurisdiction over this case under the Alien

19  Tort Claims Act, but recognize that the Court has already held otherwise.

20          7.5     Defendants deny that this Court has supplemental jurisdiction over the state

21  law claims.
22

23      8.      Defendants admit that Defendant SSCS resides in this district, but deny the remaining

24  allegations of paragraph 8 as calling for legal conclusions.

25

26

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 3

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1

**FACTS**

2    9.    Defendants deny that ICR is organized and functions for the purpose of engaging in

3 scientific research with respect to whales. ICR exists to kill whales so as to advance Japanese

4 nationalism and so as to sell whale meat within and outside Japan. Defendants admit ICR slaughters

5 whales in various locations around the world, including the Southern Ocean Whale Sanctuary. To

6 the extent that paragraph 9 contains any further allegations, Defendants deny the same.

7

8    10.    Defendants admit that both Japan and the United States are members of and bound by

9 the International Convention for the Regulation of Whaling ("Whaling Convention"), signed at

10 Washington, D.C. on December 2, 1946, 62 Stat. 1716, 161 U.N.T.S. 72, 4 Bevans 248 (1968)

11 (ratified by the United States on July 18, 1947, and entered into force Nov. 10, 1948). Defendants

12 state that Article VIII of the Whaling Convention speaks for itself, but to the extent Plaintiffs allege

13 that this Article authorizes Plaintiffs to legally kill whales, Defendants deny the same.

14

15    11.    Defendants admit that ICR slaughters whales in the Southern Ocean, but are without

16 sufficient knowledge to admit or deny the remaining allegations in paragraph 11, and therefore they

17 deny the same.

18

19    12.    Defendants admit that the NISSHIN MARU, the YUSHIN MARU, the YUSHIN

20 MARU NO. 2, and the YUSHIN MARU NO. 3 are or have been in the Southern Ocean during

21 ICR's 2011-2012 self-appointed whaling season, but to the extent paragraph 12 contains allegations

22 that the Whaling Convention authorizes Plaintiffs' whale slaughter, Defendants deny the same. To

23 the extent paragraph 12 sets forth legal conclusions regarding any nation's jurisdiction over the

24 waters involved in this case, Defendants neither admit nor deny the same, but instead state that such

25 matters are left to the Court for determination. Defendants are without sufficient knowledge to admit

26

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 4

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

or deny the allegations in paragraph 12 regarding those who were on board Plaintiffs vessels, and therefore they deny the same. To the extent paragraph 12 contains any additional allegations, Defendants deny the same.

13.     Defendants deny engaging in violent and dangerous attacks against anyone. Defendants admit that they attempt to interfere and have successfully interfered with illegal and/or unauthorized poaching of marine wildlife around the world.  Defendants deny that Watson was "expelled from Greenpeace for his physically violent actions directed toward sealers in Canada." Defendants deny Watson engaged in "violent actions" with respect to Canadian sealers. Defendants are without sufficient information either to admit or deny whether anyone has ever made these false allegations elsewhere regarding Watson so as to rise to the level of "reportedly." To the extent paragraph 13 cites external sources for factual allegations, such sources speak for themselves and Defendants neither admit nor deny their content.

14.     Defendants deny engaging in violent and dangerous attacks against anyone. Defendants admit that they attempt to interfere and have successfully interfered with illegal and/or unauthorized poaching of marine wildlife around the world. To the extent paragraph 14 cites external sources for factual allegations, such sources speak for themselves and Defendants neither admit nor deny their content.

15.     Defendants deny engaging in violent and dangerous attacks against anyone. Defendants also deny engaging in "increasingly" violent and dangerous attacks against Plaintiffs' vessels, Masters, crew, and researchers in the Southern Ocean. Defendants use non-violent methods, which are reviewed and refined each year for safety and effectiveness. Defendants admit that they attempt to interfere and have successfully interfered with illegal and/or unauthorized poaching of

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 5

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

marine wildlife around the world. To the extent paragraph 15 cites external sources for factual allegations, such sources speak for themselves and Defendants neither admit nor deny their content.

15.1     Defendants admit that Plaintiffs and Defendants have had confrontations in the Southern Ocean Whale Sanctuary throughout the years, but deny that Defendants have ever injured anyone on Plaintiffs' vessels. Defendants admit that they have used smoke signals, but deny having thrown "smoke bombs" at Plaintiffs' vessels. Defendants admit that Defendants' crewmembers have thrown bottles containing butyric acid at Plaintiffs' vessels, but deny that any bottles containing butyric acid were thrown at any person on Plaintiffs' vessels and deny that bottles containing butyric acid have injured anyone on any of Plaintiffs' vessels. Defendants admit that Plaintiffs' vessels and Defendants' vessels have had physical contact, but to the extent paragraph 15.1 alleges that Defendants are at fault for this contact, or caused such contact intentionally, such allegations are denied. Defendants deny boarding Plaintiffs' vessels in March 2008. To the extent paragraph 15.1 cites external sources for factual allegations, such sources speak for themselves and Defendants neither admit nor deny their content.

15.2     Defendants admit that Plaintiffs and Defendants have had confrontations in the Southern Ocean Whale Sanctuary throughout the years, but deny having injured anyone on Plaintiffs' vessels or having caused "extensive damage" to the YUSHIN MARU NO. 3. Defendants admit that Plaintiffs' vessels and Defendants' vessels have had physical contact, but to the extent paragraph 15.2 alleges that Defendants are at fault for this contact, or caused such contact intentionally, such allegations are denied. Defendants admit that Defendants' crewmembers have thrown bottles containing butyric acid at Plaintiffs' vessels, but deny that any bottles containing butyric acid were thrown at any person on any of Plaintiffs' vessels or that bottles containing butyric

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 6

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

acid have injured any person on Plaintiffs' vessels. Defendants deny that Defendant Watson shot a

"rocket flare towards" the YUSHIN MARU NO. 2.  Defendants admit that Defendant Watson shot a

flare (obtained from a life raft kit) in the general direction of the YUSHIN MARU NO. 2, but the

flare was not aimed at any person, nor was it used with intent to cause injury. To the extent

paragraph 15.2 cites external sources for factual allegations, such sources speak for themselves and

Defendants neither admit nor deny their content.

        15.3    Defendants admit that Plaintiffs and Defendants have had confrontations in

the Southern Ocean Whale Sanctuary throughout the years, but deny having injured anyone on

Plaintiffs' vessels. Defendants admit to having used smoke signals, but deny having thrown "smoke

bombs" at Plaintiffs' vessels. Defendants admit that Defendants' crewmembers have thrown bottles

containing butyric acid at Plaintiffs' vessels, but deny throwing bottles containing butyric acid at any

person on Plaintiffs' vessels or that bottles containing butyric acid have injured anyone on Plaintiffs'

vessels. Defendants admit that Plaintiffs' vessels and Defendants' vessels have had physical contact,

but to the extent paragraph 15.3 alleges that Defendants are at fault for this contact, or caused such

contact intentionally, such allegations are denied. Defendants admit that Defendants have dragged

ropes in front of Plaintiffs' vessels and that former SSCS crewmember Peter Bethune peacefully

boarded the SHONAN MARU NO. 2. Defendants deny that the ADY GIL "collided with" the

SHONAN MARU NO. 2, but admit that the ADY GIL was cut in two by the SHONAN MARU NO.

2 and that the ADY GIL'S vulnerable crewmembers were subsequently sprayed with high-pressure

water cannons from the SHONAN MARU NO. 2 as they scrambled for safety on board their sinking

vessel. To the extent paragraph 15.3 contains any additional allegations, Defendants deny the same.

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

15.4    Defendants admit that Plaintiffs and Defendants have had confrontations in the Southern Ocean Whale Sanctuary throughout the years, but deny having injured anyone on Plaintiffs' vessels. Defendants admit to having used smoke signals, but deny having thrown "smoke bombs" at Plaintiffs' vessels. Defendants admit that Defendants' crewmembers have thrown bottles containing butyric acid at Plaintiffs' vessels, but deny throwing any bottles containing butyric acid at any person on Plaintiffs' vessels or that bottles containing butyric acid have injured anyone on Plaintiffs' vessels. Defendants admit to having dragged ropes in front of Plaintiffs' vessels. To the extent paragraph 15.4 contains any further allegations, such allegations are denied.

15.5    Defendants admit that Plaintiffs and Defendants have had confrontations in the Southern Ocean Whale Sanctuary throughout the years, but deny having injured anyone on Plaintiffs' vessels. Defendants admit to having used smoke signals, but deny throwing "smoke bombs" at Plaintiffs' vessels. Defendants admit to having launched emergency flares in the vicinity of Plaintiffs' vessels, but deny having launched or thrown "incendiary devices" at Plaintiffs' vessels or crew. To the extent paragraph 15.5 alleges that Defendants' interference with Plaintiffs' illegal whale slaughter in the Southern Ocean caused Plaintiffs to return to Japan before completing their planned operations in February 2011, Defendants are without sufficient information to admit or deny these allegations, and therefore they deny the same. To the extent paragraph 15.5 contains any additional allegations, Defendants deny the same.

16.    Defendants admit that the SSCS website states that their 2011 operation was a great success and that Sea Shepherd was able to shut down the Japanese fleet's illegal whaling operation. To the extent paragraph 16 contains any additional allegations, Defendants deny the same.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 8

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

17.     Defendants admit to having launched Operation Divine Wind for ICR's 2011-2012 illegal whaling season, deploying the BRIGITTE BARDOT, the M/Y BOB BARKER, and the M/Y STEVE IRWIN from Australia to the Southern Ocean Whale Sanctuary, and using Australian ports to ready these vessels for Operation Divine Wind. Defendants admit to stating that they expected to return with a stronger anti-whaling fleet in early December, 2011 to protect the great whales from Plaintiffs' attempts to illegally slaughter them. To the extent paragraph 17 contains additional allegations, Defendants deny the same.

18.     Defendants admit to having been willing to put their own lives at risk to save the whales from Plaintiffs' illegal slaughter and to having named their campaign "Divine Wind," as a symbol of their resolve. To the extent paragraph 18 contains additional allegations, Defendants deny the same.

19.     Defendants admit that they continue to attempt to interfere with Plaintiffs' illegal whale slaughter in the Southern Ocean Whale Sanctuary, but deny their actions are violent or unlawful. Defendants further deny that Plaintiffs are entitled to injunctive relief or that Defendants' conduct has or will "seriously endanger" Plaintiffs. To the extent paragraph 19 contains additional allegations, Defendants deny the same.

## CLAIMS

### FIRST CLAIM

### (Freedom of Safe Navigation on the High Seas—Declaratory and Injunctive Relief)

20.     Defendants reassert their responses to paragraphs 1 through 19 as though fully set forth herein.

21.     To the extent paragraph 21 contains any allegations, Defendants deny the same.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 9

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

21.1    Paragraph 21.1 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

21.2    Paragraph 21.2 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content. Defendants deny any remaining allegations.

21.3    Paragraph 21.3 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

21.4    Paragraph 21.4 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

22.    Defendants deny having "flouted" any internationally recognized norms and deny having interfered with Plaintiffs' right to freedom of navigation. Defendants admit to attempting to and having successfully interfered with Plaintiffs' illegal whale slaughter and assert that it is Plaintiffs' illegal whaling and disregard for court orders that constitutes a flouting of the law. To the extent paragraph 22 contains any additional allegations, Defendants deny the same.

23.    Defendants admit to having vowed to stop Plaintiffs' illegal whale slaughter in the Southern Ocean Whale Sanctuary. To the extent paragraph 23 contains any additional allegations, Defendants deny the same.

24.    Defendants deny the allegations of paragraph 24.

25.    Defendants deny the allegations of paragraph 25.

25.1    Defendants deny the allegations of paragraph 25.1.

25.2    Defendants deny the allegations of paragraph 25.2.

25.3    Defendants deny the allegations of paragraph 25.3.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 10

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## SECOND CLAIM

### (Freedom From Piracy—Declaratory and Injunctive Relief)

26.     Defendants reassert their responses to paragraphs 1 through 25 as though fully set forth herein.

27.     Defendants deny the allegations of paragraph 27.

28.     Defendants admit there are treaties that condemn acts of piracy, but deny those treaties are relevant to this case.

28.1     Paragraph 28.1 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

28.2     Paragraph 28.2 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

29.     Defendants admit that UNCLOS contains a definition of piracy, but to the extent paragraph 29 contains any additional allegations, Defendants deny the same.

30.     Defendants admit that the vessel M/Y STEVE IRWIN has flown a flag with a symbolic Jolly Roger logo containing a whale, a dolphin, a shepherd's crook, and Neptune's trident, but deny ever having engaged in any acts of piracy. To the extent paragraph 30 contains any additional allegations, Defendants deny the same.

31.     Defendants deny the allegations of paragraph 31.

32.     Defendants deny the allegations of paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 11

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

**THIRD CLAIM**

**(Freedom From Terrorism—Declaratory and Injunctive Relief)**

34.     Defendants reassert their responses to paragraphs 1 through 33 as though fully set forth herein.

35.     Defendants admit the allegations set forth in paragraph 35, but deny they have any relevance to this case.

35.1    Paragraph 35.1 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

35.2    Paragraph 35.2 cites legal sources that speak for themselves, so Defendants neither admit nor deny their content.

36.     Defendants deny the allegations of paragraph 36.

36.1    Defendants deny the allegations of paragraph 36.1.

36.2    Defendants deny the allegations of paragraph 36.2.

36.3    Defendants deny the allegations of paragraph 36.3

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

**FOURTH CLAIM**

**(State Law Claims—Declaratory and Injunctive Relief)**

39.     Defendants reassert their responses to paragraphs 1 through 38 as though fully set forth herein.

40.     Defendants admit that SSCS has an office in Friday Harbor, Washington, but deny the remaining allegations of paragraph 40.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 12

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs' prayer for relief in its entirety.

## DEFENDANTS' AFFIRMATIVE DEFENSES

By way of further answer, including affirmative defenses, Defendants allege as follows:

1.     Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     This Court lacks subject matter jurisdiction over the claims contained in Plaintiffs' Complaint, but Defendants recognize that the Court has already held otherwise.

3.     Plaintiffs assumed the risk by undertaking an illegal whaling operation.

4.     Plaintiffs' damages, if any, were caused, in whole or in part, by Plaintiffs undertaking an illegal whaling operation.

5.     Plaintiffs failed to mitigate their damages, if any.

6.     Plaintiffs' Complaint poses a non-justiciable political question.

7.     Plaintiffs' Complaint should be dismissed due to international comity.

8.     The named Plaintiffs lack standing to sue on behalf of allegedly injured crewmembers.

9.     Plaintiffs have unclean hands.

10.    Plaintiffs' lethal whaling is not conducted for "scientific research," and instead constitutes an illegal commercial undertaking.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 13

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

11.     The U.N. World Charter for Nature authorizes Defendants to engage in the acts of which Plaintiffs complain.

12.     Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens.*

13.     Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' own negligence.

14.     Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' own dangerous, violent, and/or illegal acts on the high seas, in Australian Waters, and within the Southern Ocean Whale Sanctuary.

15.     Plaintiffs' claims are barred by laches.

16.     Plaintiffs' claims are barred by illegality, fraud, and bad faith.

17.     Plaintiffs cannot use 28 U.S.C. § 1350, the Alien Tort Statute, to assert a cause of action against a business entity, such as SSCS, a nonprofit corporation. *See Kiobel v. Royal Dutch Petroleum Company,* 621 F.3d 111 (2nd Cir. 2010) (cert. *granted,* 181 L. Ed. 2d 292 (2011)).

18.     Defendants reserve the right to add additional affirmative defenses as discovery develops.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed in full, with prejudice, at Plaintiffs' own cost and expense, and for all other general and equitable relief to which Defendants may be entitled.

//

//

//

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 14

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## COUNTERCLAIM BY SEA SHEPHERD CONSERVATION SOCIETY

### JURISDICTION AND VENUE

1.      Defendant-Counterplaintiff Sea Shepherd Conservation Society ("SSCS") incorporates herein by reference each and every allegation, answer, and denial contained in each of the above paragraphs.

2.      To the same extent the actions alleged by Plaintiffs-Counterdefendants against SSCS can be said to give rise to this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as the incident complained of occurred on the high seas, so too this Court has subject matter jurisdiction over SSCS' Counterclaim.

3.      Plaintiffs-Counterdefendants, the Institute of Cetacean Research ("ICR") and Kyodo Senpaku Kaisha, Ltd. ("Kyodo Senpaku"), and Hiroyuki Komura, are (on information and belief) citizens and subjects of Japan. This action is thus between citizens of a state and citizens or subjects of a foreign state under 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4.      This Court has jurisdiction over SSCS's counterclaim under 28 U.S.C. § 1367.

5.      Venue is proper in this district under 28 U.S.C. §1391, because Plaintiffs-Counterdefendants have filed this lawsuit here and are subject to the personal jurisdiction of this court. In addition, Counterdefendant Hiroyuki Komura is subject to personal jurisdiction here due to his intentionally negligent acts, which were aimed at SSCS, a Washington-based nonprofit organization, and which directly caused financial harm he knew was likely to be suffered by SSCS in Washington.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 15

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

**THE PARTIES**

6.      Counterplaintiff SSCS is an Oregon nonprofit corporation with its principal place of business in Friday Harbor, Washington.

7.      On information and belief, Counterdefendant ICR is a juridical person organized under the laws of Japan.

8.      On information and belief, Counterdefendant Kyodo Senpaku is a corporation organized under the laws of Japan.

9.      On information and belief, Counterdefendant Hiroyuki Komura is a citizen and subject of Japan.

**FACTS**

10.      Counterplaintiff SSCS incorporates herein each and every paragraph above as if fully set forth herein.

11.      Counterdefendants ICR and Kyodo Senpaku are the registered owners and/or charterers of the vessel SHONAN MARU NO. 2.

12.      Counterdefendant Hiroyuki Komura was the master of the SHONAN MARU NO. 2 during January 2010, when the SHONAN MARU NO. 2 collided with the ADY GIL. On information and belief, Counterdefendant Komura was the master of the SHONAN MARU NO. 2 when the collision occurred.

13.      SHONAN MARU NO. 2 is registered and flagged by Japan.

14.      In 2010, SSCS was operating the vessel, ADY GIL, under a very favorable charter arrangement.

15.      The ADY GIL was valued at approximately $3 million USD.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 16

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

16.     The ADY GIL was registered and flagged by New Zealand.

17.     On or about January 6, 2010, in the Southern Ocean, Counterdefendants, through the captain, crew, and/or other agents operating the SHONAN MARU NO. 2, rammed SSCS's chartered vessel, the ADY GIL.

18.     The ADY GIL sustained serious damage from the ramming by the SHONAN MARU NO. 2. The nose of the ADY GIL, which contained the crews' sleeping quarters, was sheared off.

19.     At the time of the ramming, SSCS's crewmembers were on board the ADY GIL, and they were forced to scramble for their lives as the much larger SHONAN MARU NO. 2 sliced their vessel in two. These crewmembers were rescued by another one of SSCS's vessels.

20.     At the time of the ramming, Counterdefendants' crewmembers ignored SSCS's mayday calls and instead continued to shoot the crew on board the ADY GIL with high-pressure water cannons. At least one person on board the ADY GIL was injured.

21.     Prior to and during the ramming, Counterdefendants employed Long Range Acoustic Devices (LRADs) and aimed them at SSCS crewmembers on board the ADY GIL. LRADs create a shrill, piercing noise designed to cause extreme auditory discomfort and disorientation. Counterdefendants' use of LRADs greatly inhibited communication between the master and the helmsman of the ADY GIL in the crucial moments before the vessels collided.

22.     Maritime New Zealand ("MNZ") investigated this collision.

23.     SSCS cooperated fully with the MNZ investigation by, among other things, making the crew and captains of both the ADY GIL and the BOB BARKER available for in-person MNZ interviews.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 17

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

24.     Counterdefendants did not cooperate fully with the MNZ investigation. Neither Counterdefendant Komura nor the crew of the SHONAN MARU NO. 2 gave statements to MNZ regarding the incident.

25.     Although the Japanese Coast Guard also "investigated" the incident, it took no statements from Counterdefendant Komura or from the crew of the SHONAN MARU NO. 2.

26.     Counterdefendants' ramming of the ADY GIL by the SHONAN MARU NO. 2 put the lives of the individuals on board the ADY GIL in danger.

27.     On information and belief, Counterdefendants' ramming of the ADY GIL was intentional.

28.     If Counterdefendants' ramming of the ADY GIL was not intentional, it was the result of Counterdefendants' negligent navigation and/or vessel operation.

**CLAIM FOR INTENTIONAL/NEGLIGENT DESTRUCTION OF PROPERTY**

29.     Counterplaintiff realleges each and every paragraph above as though fully set forth herein.

30.     Counterdefendants, their crews and/or other agents intentionally rammed and destroyed the ADY GIL.

31.     Counterdefendants violated principles of safe navigation on the high seas as well as numerous international conventions, and these violations resulted in the collision of the SHONAN MARU NO. 2 with the ADY GIL. In particular, Counterdefendants violated multiple provisions of The Convention on International Regulations for Preventing Collisions at Sea ("COLREGS"), *concluded at London on* Oct. 20, 1972 28.3 U.S.T. 3459, including Rule 6 related to safe speed,

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 18

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

Rules 7 and 8 related to collisions, Rule 13 governing the navigation of overtaking vessels, and Rule 16 governing the conduct of give way vessels.

32      Counterdefendants had a duty to operate the SHONAN MARU NO. 2 in a safe and responsible manner, including operating the SHONAN MARU NO. 2 in accordance with COLREGS and other applicable Conventions, and to train and supervise their captains and crews accordingly.

33      Counterdefendants breached their duty to operate the SHONAN MARU NO. 2 in a safe and responsible manner, including operating the SHONAN MARU NO. 2 in accordance with COLREGS and other applicable Conventions, and to train and supervise their captains and crews accordingly.

34      Counterdefendants knew and/or should have known that their breach of these duties could damage SSCS's vessels and/or its crews, including the ADY GIL and its crew.

35      Counterdefendants' breach of these duties directly and proximately caused the collision between the SHONAN MARU NO. 2 and the ADY GIL.

36      Counterdefendants' breach of these duties directly and proximately caused damage to the ADY GIL.

37      SSCS sustained damages in an amount to be proven at trial due to the loss of its ability to continue to charter the ADY GIL under terms favorable to SSCS.

38      Counterdefendants are liable to SSCS for the expenses and damages it incurred as a result of the ADY GIL collision.

### JURY DEMAND

Counterplaintiff hereby requests a jury trial for all issues properly tried by a jury in this case.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 19

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1

2        WHEREFORE, Defendant-Counterplaintiff SSCS respectfully requests that the Court enter

3   judgment dismissing Plaintiff-Counterdefendants' claims against SSCS and Watson, denying

4   Plaintiffs-Counterdefendants' request for declaratory and injunctive relief, sustaining SSCS's and

5   Watson's affirmative defenses and granting SSCS judgment its counterclaim, attorneys' fees and

6   costs of suit—including post-judgment interest on the entire judgment until paid in full—and any

7
8   other and further relief as the Court finds just and proper.

9

10       DATED this 16th day of March, 2012.

11                                          HARRIS & MOURE, pllc

12

13

14                                          By: s/ Daniel P. Harris
                                            Daniel P. Harris, WSBA #16778
15                                          Charles P. Moure, WSBA #23701
                                            Rachel Buker, WSBA #43005
16                                          dan@harrismoure.com
                                            rachel@harrismoure.com
17                                          600 Stewart Street, Suite 1200
                                            Seattle, WA 98101
18                                          Tel. (206) 224-5657
                                            Fax: (206) 224-5659
19                                          *Attorneys for Defendants Sea Shepherd Conservation*
                                            *Society and Paul Watson and for Counterplaintiff SSCS*
20

21

22

23

24

25

26

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 20

Harris & Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1
2

<u>**CERTIFICATE OF SERVICE**</u>

3        IT IS HEREBY CERTIFIED that on this 16th of March, 2012, I electronically filed the

4   foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of

5   such filing to the Honorable Richard A. Jones, and will serve it on all associated counsel.

6

7        I certify under penalty of perjury under the laws of the State of Washington that the

8   foregoing is true and correct.

9

10        SIGNED at Seattle, Washington this 16th day of March, 2012.

11

12                                   By: <u>s/ Miriam Roth</u>

13                                        Miriam Roth

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIM - 21

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659