THE HONORABLE RICHARD A. JONES

NOTE ON MOTION CALENDAR: Friday, January 25, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,

Plaintiffs,

v.

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, and PAUL WATSON, an individual,

Defendants.

---

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,

Counterplaintiff,

v.

THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research Foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation,

Counterdefendants.

Case No.: 2:11-cv-02043-RAJ

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITIONS SCHEDULED JANUARY 28-30, 2013**



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## I. INTRODUCTION

Plaintiffs have scheduled the depositions of several of defendants' officers and Rule 30(b)(6) designees on roughly 2 ½ weeks notice, which, under the circumstances is patently unreasonable. Plaintiffs' counsel has refused to reschedule or even to discuss postponing the depositions, citing an exigency that is conjectural and may never materialize. The depositions, as noted, make it nearly impossible for defendants to meet their obligation to provide knowledgeable and prepared corporate witnesses and they create an unreasonable burden. Plaintiffs' requested depositions should be postponed.

## II. FACTUAL BACKGROUND

This action arises out of plaintiffs' efforts to halt defendants' high profile (and successful) campaigns to interfere with plaintiffs' annual "scientific" whale slaughter in the Southern Ocean. See Defendants' Answer, Affirmative Defenses, and Counterclaim, DKT #94 at ¶¶ 9-10, 13. Plaintiffs seek injunctive and declaratory relief under various international conventions, federal statutory law, and state law. See generally DKT #1. This Court denied Plaintiffs' Motion for Preliminary Injunction on February 16, 2012. DKT #90, #95. Plaintiffs appealed this Court's ruling (DKT #103) and oral arguments on plaintiffs' appeal were heard October 9, 2012. January 15, 2013 Declaration of Charles Moure ("Moure Declaration") at ¶ 2. No decision on the merits of Plaintiffs' appeal has been issued. *Id*.

On December 17, 2012, the United States Court of Appeals for the Ninth Circuit entered a *sua sponte* order enjoining defendants from "physically attacking any vessel engaged by Plaintiffs . . . or any person on any such vessel . . . or from navigating in a manner that is likely to endanger the safe navigation of any such vessel." Moure Decl. ¶ 3; DKT #118. The Ninth Circuit further prohibited defendants from coming within 500 yards of plaintiffs



Harris & Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

when navigating on the open sea. *Id.* The injunction remains in effect until the ultimate disposition of plaintiffs' appeal on the merits. *Id.*

Defendants and their vessels are currently stationed in the waters of the Southern Ocean, anticipating the arrival of the Japanese fleet, an event that will likely occur around the end of January or early February. Moure Decl. at ¶ 4. Sea Shepherd Conservation Society ("SSCS"; the U.S. entity) was involved in the current campaign, but has withdrawn all its support out of caution and respect for the Ninth Circuit's injunction. *Id*. To date, no violations of the Ninth Circuit's injunction have occurred. *Id*.

Meanwhile, the parties have renewed their discovery efforts. On Tuesday, January 8, 2013, plaintiffs' counsel John Neupert contacted defendants' counsel regarding depositions he wanted scheduled for the week of January 28. Moure Decl. ¶ 5. Neupert's email attached a "draft" notice of deposition, calling for the deposition of defendant Sea Shepherd Conservation Society's president and treasurer, as well as Rule 30(b)(6) designees to testify regarding SSCS's compliance with the Ninth Circuit injunction, SSCS's funding of the campaign, and the maintenance and posting of material on the website http://www.seashepherd.org. Moure Decl. ¶ 5 and Ex. A. Neupert also stated his belief that the Ninth Circuit's injunction would be violated and claimed that plaintiffs "would like to explore this situation in deposition and that is the intent of the proposed notice." Moure Decl. ¶ 6 and Ex. A. Neupert explained that the depositions would take two to three days, and requested that defense counsel "Please let me know whether these depositions may occur as proposed," suggesting Neupert was open to discussion about the timing or other aspects of the depositions. *Id.*

That same day, (and coincidentally), defendants' counsel Charles Moure had contacted Neupert concerning plaintiffs' objections to defendants' written discovery requests



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

that remained unresolved. Moure Decl. ¶ 7. Neupert and Moure agreed to hold a Rule 37 discovery conference on Friday, January 11, 2013. *Id.*

On Wednesday, January 9, Neupert again emailed defendants' counsel about the depositions and attached the final notices, saying "In order to get them [the depositions] on the calendar I am issuing the notice now and it is attached. If there is an objection, we can discuss them Friday." Moure Decl. ¶ 8 and Ex. B. Defendants' attorney Dan Harris responded via email, telling Neupert that defendants likely would not object to the depositions, but stated, "there may be questions regarding timing and for the directors, there will be questions regarding locations." Moure Decl. ¶ 9 and Ex. C. Neupert's reply addressed the location issue, but did not indicate that he was not open to discussion about the timing of the depositions. *Id.*

The majority of the discovery conference held on Friday, January 11 was devoted to discussion of plaintiffs' objections to defendants' written discovery requests, but the issue of plaintiffs' notices of deposition was raised. Moure Decl. ¶ 10. When Moure told Neupert it might not be feasible to conduct the depositions during the week of January 28, Neupert responded that he would not move the dates, absent a court order. *Id*. Moure attempted to explain to Neupert that he had only received the notices via email (not official service) and had not yet had a chance to discuss the notices or potential Rule 30(b)(6) designees with his clients. *Id*. at ¶ 11. Moure also made it clear that he was not disputing plaintiffs' right to conduct the depositions, but only took issue with the short timeline on which they had been scheduled, particularly because several of the deponents are located in California. *Id*. Moure stated that the depositions could likely take place in the next three weeks to 30 days. *Id.* Still, Neupert maintained his stance, saying that plaintiffs needed to explore defendants' impending contempt of the Ninth Circuit injunction. *Id.* at ¶ 12. Moure sought to assure Neupert that defendants had no plans to violate the injunction, but Neupert countered by



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

citing the Sea Shepherd website and the "Zero Tolerance" moniker of the current campaign as evidencing defendants' contrary intent. *Id*. The conference ended without any resolution of the timing issue. *Id.*

On Saturday, January 12, 2013, Neupert emailed defendants' counsel and reiterated his position:

> As for the timing of the depositions, we have noted them for the time period above [January 28-30] in order to explore the facts about whether defendants will comply with the 9th Circuit's injunction. Based on announcements appearing on Sea Shepherd's website, there seems to be an effort underway by defendants to distance themselves from the actual operations entailed in Operation Zero Tolerance. This suggests that somehow defendants will say that any violation of the injunction, should there be one, is the responsibility of Sea Shepherd-Australia, and not defendants.
>
> I won't go into the many reasons why such a contention would be futile, but we need to be prepared to address it should a violation of the injunction occur. As I explained yesterday, the simple way to obviate the current need for the depositions on the present schedule is for defendants to give plaintiffs adequate assurances that the injunction will be observed by everyone involved in Operation Zero Tolerance, whether that be the defendants or Sea Shepherd-Australia, should it contend that it is separate from defendants for purposes of this case.

Moure Decl. ¶ 13 and Ex. D.

Given the vigorous discussion at the parties' discovery conference and Neupert's follow-up email, Moure was convinced any further meeting or discussion of the timing issue would be futile. Moure Decl. ¶ 14. For that reason, defendants' counsel believes they have complied with the meet and confer requirement of Rule 26(c)(1). *Id.* In retrospect, defendants' counsel was somewhat surprised that Neupert waited to address the timing of the depositions until the discovery conference, considering Neupert's hard-line stance and that defendants' counsel had immediately notified Neupert that timing was a concern. *Id.* at



Harris & Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

¶ 15. Because no consensus can be reached, defendants now seek a protective order delaying the depositions until the week of February 11 or later. *Id.* at ¶ 16. Defendants seek this additional time to accommodate the deponents and counsels' respective schedules, to fully prepare the Rule 30(b)(6) designees to give testimony on behalf of SSCS, and to allow the deponents the opportunity to consult independent counsel and determine whether SSCS's non-profit directors and officers' insurance policy covers such representation. *Id.*

## III. ARGUMENT AND AUTHORITIES

As a general rule, a party may depose any person, including a party, by oral questions, without leave of court. Fed. R. Civ. 30(a)(1). The party requesting the deposition, however, is constrained by other provisions of the federal rules. First, the subject matter of the deposition must not exceed the scope of discovery as set out in Rule 26(b)(1): "any nonprivileged matter that is relevant to a party's claim or defense." Second, a party desiring to depose a person by oral question must give reasonable written notice to every other party. The federal rules implicitly recognize 14 days as the bare minimum notice period. *See* Fed. R. Civ. P. 32(a)(5)(A).

To curb discovery abuse, Rule 26(c)(1) authorizes the court to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown. Among other remedies, the court may issue an order "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

A court order postponing plaintiffs' noticed depositions is appropriate here for several reasons. First, the exigency which plaintiffs' counsel claims prompted plaintiffs to note the depositions during the week of January 28 does not exist, and might never exist. Plaintiffs' counsel claims it must depose SSCS officers before the end of January to "avoid a problem" and to explore defendants' potential future contempt. Plaintiffs' counsel assumes plaintiffs and defendants will confront one another immediately upon plaintiffs' arrival in the



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

Southern Ocean, sometime around the end of January or early February. Yet no violation of the Ninth Circuit injunction has occurred and no violation will occur. Even if a violation were imminent, plaintiffs' counsel has not explained how having conducted the depositions will ensure no "problem" will arise. Moreover, to the extent that plaintiffs seek information about defendants' intentions regarding the injunction, such information is arguably irrelevant to the parties' claims and defenses in this case and is therefore outside the scope of Rule 26(b)(1). Plaintiffs have not stated a claim for relief for a "possible violation of an injunction," and they should not be allowed to conduct a fishing expedition on that basis.

Second, the nature of the noticed depositions necessitates more than the roughly 2 ½ weeks notice given by plaintiffs. Defendants are under an affirmative duty to educate and prepare Rule 30(b)(6) designees about all "information reasonably known or reasonably available to the organization," or risk sanction under Rule 37(d). Fed. R. Civ. P. 30(b)(6); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 558 (D. Mont. 2009) citing *Sprint Commc'n Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 356, 361 (M.D. N.C. 1996). To be able to meet this affirmative duty, defendants simply must have *time* to determine the best designee, and then prepare that witness (or witnesses). Plaintiffs' notices do not afford defendants adequate time for this task.

Additionally, plaintiffs made no effort to make the usual accommodations for the individuals to be deposed and their attorneys. In defendants' counsel's experience, notices of deposition may specify a date for deposition, but that date is virtually always open to some discussion, to assure the deponent and deponent's counsel can be available. Moure Decl. ¶ 17. Plaintiffs' counsel would have no such discussion, but did not reveal that stance until the parties' discovery conference on January 11, even though defendants' counsel had previously flagged the timing of the depositions as a possible issue. *Id.* Thus, defendants' counsel did not believe they needed to immediately act on the notices and begin preparing witnesses. *Id.*



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

Logistically, plaintiffs' noticed depositions also present problems because defendants' counsel Charles Moure is traveling to Florida in the coming weeks and several of the deponents must travel from California, limiting their ability to meet and prepare for the depositions before January 28. Moure Decl. ¶ 18.

Finally, a postponement is necessary to protect the rights of the deponents who may want to consult or secure independent counsel before their depositions. These deponents also need time to determine whether SSCS's directors and officers' insurance policy will cover their engagement of separate counsel for their depositions. These issues are of special concern, as plaintiffs have made no secret that they intend to use the depositions as a basis for contempt orders.

## IV. CONCLUSION

Defendants do not dispute plaintiffs' right to depose its corporate officers and a Rule 30(b)(6) designee. However, defendants object to plaintiffs' "hurry up" schedule imposed for no sound reason. For the reasons set forth above, defendants respectfully request this Court enter an order postponing the depositions plaintiff seeks.

DATED this Tuesday, January 15, 2013.

HARRIS & MOURE, pllc

By: /s/ Charles Moure________________________
Daniel P. Harris, WSBA #16778
Charles P. Moure, WSBA # 23701
Rachel Buker, WSBA #43005
Attorneys for Defendants
dan@harrismoure.com
rachel@harrismoure.com
600 Stewart Street, Suite 1200



Harris & Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

Seattle, WA 98101
Tel. (206) 224-5657
Fax: (206) 224-5659

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 15 of January, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to the Honorable Richard A. Jones, and will serve it on all associated counsel.

SIGNED at Seattle, Washington this 15 day of January, 2013.

By: /s/Shannon Baraff
Shannon Baraff



**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659