1

2

3

4

5

6                                                          The Honorable Richard A. Jones

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   THE INSTITUTE OF CETACEAN
     RESEARCH, a Japanese research
11   foundation; KYODO SENPAKU              No. C11-2043 RAJ
     KAISHA, LTD., a Japanese corporation;
12   TOMOYUKI OGAWA, an individual; and     PLAINTIFFS' OPPOSITION TO
     TOSHIYUKI MIURA, an individual,        DEFENDANTS' MOTION FOR
13                                           PROTECTIVE ORDER REGARDING
                      Plaintiffs,            DEPOSITIONS SCHEDULED
14          v.                               JANUARY 28-30, 2013

15   SEA SHEPHERD CONSERVATION             **NOTED ON MOTION CALENDAR:**
     SOCIETY, an Oregon nonprofit          Friday, January 25, 2013
16   corporation, and PAUL WATSON, an
     individual,                           **EXPEDITED CONSIDERATION**
17                      Defendants.         **REQUESTED**

18   _____

19   SEA SHEPHERD CONSERVATION
     SOCIETY, an Oregon nonprofit
20   corporation,

21                      Counterplaintiff,
            v.
22
     THE INSTITUTE OF CETACEAN
23   RESEARCH, a Japanese research
     foundation; KYODO SENPAKU
24   KAISHA, LTD., a Japanese corporation;
     and HIROYUKI KOMURA, an individual,
25
                      Counterdefendants.
26   _____

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 1
(C11-2043 RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

# I. <u>INTRODUCTION</u>

Plaintiffs seek to depose the newly appointed president of defendant Sea Shepherd Conservation Society ("SSCS") (Paul Watson having supposedly "resigned") and designees of SSCS on five straightforward topics:  (1) defendants' plans for the current season (that is underway); (2) steps being taken by defendants to ensure compliance with the Ninth Circuit's injunction; (3) the relationship among defendants and the registered owners of the ships engaged in defendants' current campaign, Operation Zero Tolerance; (4) the money or support defendants are supplying to the current campaign; and (5) the operation of SSCS's website.  *See* Decl. of John F. Neupert in Opp'n to Defs.' Mot. for Protective Order ("Neupert Opp'n Decl.") filed concurrently with this response, ¶ 2 & Ex. 1.

Defendants seek to prevent the depositions from occurring January 28-30, 2013. Defendants contend primarily that they need additional time to prepare for the depositions to comply with their obligation to provide "knowledgeable and prepared corporate witnesses." Defs.' Mot. for Protective Order Regarding Deps. Scheduled Jan. 28-30, 2013, filed Jan. 15, 2013 (Dkt. No. 120) ("Motion"), at 2:8.  Yet defendants offer no evidence from SSCS that it needs time to prepare its witnesses to explain in deposition what SSCS plans to do when it confronts plaintiffs' ships in a matter of days or how much it is spending on Operation Zero Tolerance and what it is spending it on.  Surely those are not topics that require lengthy preparation.  Nor do defendants explain why the supposed need to prepare designees should delay the deposition of the newly appointed president.

The facts plaintiffs seek to obtain go to the heart of their claim that defendants must be enjoined permanently by this Court from dangerous attacks on plaintiffs' ships and crew or from financing such attacks.  Those facts also are relevant to whether defendants intend to or will comply with the Ninth Circuit's injunction.  If the depositions are postponed until mid-February as defendants suggest, it is quite likely that the depositions will occur after or in the midst of defendants' physical confrontation of plaintiffs' ships.  Plaintiffs seek to avoid that

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 2
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1    chaos by taking the depositions now in the hope that the facts to be developed not only will

2    support plaintiffs' claims but may have a prophylactic effect in avoiding dangerous

3    confrontations in the first place.

4    II. <u>FACTUAL BACKGROUND</u>

5           Since May 11, 2012, plaintiffs have had outstanding document requests seeking

6    production of documents from defendants regarding the "strategies, tactics, plans, or methods

7    defendants may employ against plaintiffs' operations in the Southern Ocean this coming season

8    (approximately December 1, 2012-March 31, 2013)."  Neupert Opp'n Decl. ¶ 3 & Ex. 2, at 5

9    (Req. No. 1).  Defendants made a wholesale objection to the request.  Neupert Opp'n Decl. ¶ 3 &

10    Ex. 2, at 5 (Resp. to Req. No. 1).  Yet, while defendants objected to producing a single document

11    about their plans, they proudly displayed on the SSCS website OPERATION ZERO

12    TOLERANCE (Neupert Opp'n Decl. ¶ 4 & Ex. 3), comprised of "Four Ships, Four Captains,

13    120+Crew, UAV Drones, Helicopter, Small Boats, <u>*New Tactics*</u>, [and] Thousands of

14    Supporters."  *Id.* (emphasis added).  According to the SSCS website, the "Board of Directors

15    make all strategic short and long term decisions for the organization."  Neupert Opp'n Decl.

16    ¶ 5 & Ex. 4.

17           Plaintiffs (and defendants) did not pursue discovery with much vigor while they

18    awaited the decision of the Ninth Circuit on plaintiffs' appeal.  Neupert Opp'n Decl. ¶ 6.  In

19    response to plaintiffs' December 6, 2012, motion to expedite disposition of the appeal (for the

20    current Southern Ocean season), the Ninth Circuit on December 17, 2012, issued an injunction

21    that enjoined defendants "and any party acting in concert with them (collectively 'defendants')

22    . . . from physically attacking any vessel engaged by Plaintiffs . . . in the Southern Ocean or any

23    person on any such vessel . . . or from navigating in a manner that is likely to endanger the safe

24    navigation of any such vessel.  [And i]n no event shall defendants approach plaintiffs any closer

25    than 500 yards when defendants are navigating on the open sea."  Order of 9th Cir., filed in

26    W.D. Wash. on Dec. 17, 2012 (Dkt. No. 118); Neupert Opp'n Decl. ¶ 7.  In large measure, the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 3
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1    Ninth Circuit injunction mirrors the relief plaintiffs seek in this Court on the merits of their

2    claims.

3            On December 31, 2012 (and the last day for filing), defendants sought

4    reconsideration of the Ninth Circuit's injunction.  Neupert Opp'n Decl. ¶ 8.  The Ninth Circuit

5    issued a one-sentence order denying the motion on January 7, 2013.  Neupert Opp'n Decl. ¶ 9.

6            The next day, plaintiffs' counsel contacted defendants' counsel to discuss

7    depositions the week of January 28, 2013.  Neupert Opp'n Decl. ¶ 10.  Defendants' counsel never

8    returned telephone calls to discuss the depositions, and finally plaintiffs' counsel issued a notice

9    of deposition on January 9, 2013, for depositions as described above.  *Id.*

10                      **III. LEGAL AUTHORITY AND ARGUMENT**

11           As is often the case with defendants, they say different things at the same time (or

12   different times) in order to avoid having to deal with (or reveal) the true facts.

13           In their motion for protective order, defendants state:

14           *Defendants and their vessels* are currently stationed in the waters of the
             Southern Ocean, anticipating the arrival of the Japanese fleet, an event that will
15           likely occur around the end of January or early February.  Sea Shepherd
             Conservation Society ("SSCS"; the U.S. entity) was involved in the current
16           campaign, *but has withdrawn all its support* out of caution and respect for the
             Ninth Circuit's injunction.
17

18   Decl. of Charles Moure in Supp. of Mot. for Protective Order, filed Jan. 15, 2013 (Dkt.

19   No. 120-2) ("Moure Decl."), at 2, ¶ 4 (emphasis added).

20           Those two sentences, which are not supported by anyone's declaration under

21   personal knowledge, are irreconcilable.  "Defendants' vessels" are in the Southern Ocean to carry

22   out their campaign to stop plaintiffs' activities, and as such, SSCS, a defendant, cannot have

23   "withdrawn all its support."  If it had, "defendants and their vessels" would not be in the

24   Southern Ocean.  That is one of the reasons plaintiffs want to depose the newly appointed

25   president of SSCS (Marnie Gaede) and to depose SSCS's designee about money or supplies

26   being provided to "defendants' vessels."  According to web postings on SSCS's website,

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 4
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1    Ms. Gaede (who is described as a "[l]ong-time colleague and advisor of Captain Watson")

2    "assume[d] the role of President of [SSCS]" on or about January 7, 2013, when defendant

3    Watson supposedly "resigned" to simply become an "observer." He also supposedly resigned as

4    "captain" of the STEVE IRWIN. Neupert Opp'n Decl. ¶ 11 & Ex. 5. If SSCS has withdrawn

5    support for the current operation, then surely the president would know that and surely a

6    designee of SSCS would readily know that funds and supplies have been "cut off." How else

7    could counsel make statements of fact to the Court unless the sources of the fact already knew

8    them? And if they know them, then they are "prepared" for their deposition.

9              It is apparent that the "former" president of SSCS, Watson, is very much in

10   control of the Southern Ocean campaign. The day before defendants filed their instant motion

11   proclaiming that SSCS has withdrawn support, Watson gave a press interview to Anna Tremonti

12   of CBC/Radio-Canada in which the following exchange occurred:

13         Tremonti:  Well, before we go any further on what the Japanese are doing,
           in December, the U.S. Appeal Court ruled that you are forbidden to approach the
14         Japanese whaling fleet. Will you respect that ruling?

15         Watson:  In February of last year, the Japanese applied for an injunction
           with a Seattle court, and Judge Richard Jones denied them that injunction, saying
16         they were in contempt of the Australian federal court and how dare they come
           into his court and ask for that—for an injunction. And it was set for trial for
17         September 2013. And then in December, without any notice, we got a one-page
           e-mail saying the injunction has been granted by three other judges, with no legal
18         explanation at all. But, we have to abide by that injunction—that is,
           Sea Shepherd U.S.A. and myself, because I'm a U.S. citizen. *But the injunction
19         has no authority over Dutch- and Australian-flagged and owned vessels operated
           by Sea Shepherd Australia.* And the leader of the campaign this year is
20         Bob Brown, a former Australian senator, and he's assisted by Ian Campbell, a
           former senator and the former minister of the environment. And they are taking
21         the leadership. And they're quite prepared to come to the United States to the
           courtroom in September and argue that what we're doing down here is legitimate.
22         I, myself, will abide by the injunction. I will not be on a vessel that approaches
           within 500 yards of any of the whaling vessels. *But my crew are not under any
23         such injunction.*

24         Tremonti:  Okay. So, in other words, you'll stay back, but you will be in
           those waters?
25
           Watson:  Yes, and *we will intervene.*
26

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 5
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1    *See* Neupert Opp'n Decl. ¶ 12 & Ex. 6 (emphasis added).

2              So Watson claims the vessels in the Southern Ocean are "owned" by someone

3    other than SSCS and "operated" by Sea Shepherd Australia.  As to ownership, not only is this

4    inconsistent with defendants' statement to this Court that the vessels are "defendants' vessels," it

5    is inconsistent with a wealth of other documents, including the tax filings of Sea Shepherd and

6    the testimony of Watson in a British court proceeding in which he testified on April 12, 2012,

7    that "[c]urrently there are three large operational vessels owned by Sea Shepherd, 'STEVE

8    IRWIN', 'BOB BARKER' and 'BRIGITTE BARDOT'."  Neupert Opp'n Decl. ¶ 13 & Ex. 7.

9    And, until a matter of days ago, SSCS touted on its website that a fourth vessel, the

10   SAN SIMON, is also a part of SSCS's fleet for the Zero Tolerance campaign.  *See* Neupert Opp'n

11   Decl. Ex. 3, at 1 ("The SSS San Simon, a former Japanese Government research vessel, is the

12   fourth and newest member of Sea Shepherd's fleet.").

13             As to operations, in his interview with CBC/Radio-Canada (quoted above),

14   Watson refers to "my crew" not being "under any such injunction."  But if they are "his" crew,

15   which undoubtedly they are, then they are "under the injunction."  Not only does a crew member

16   need to be a member of SSCS (according to the crew application) (Neupert Opp'n Decl. ¶ 14 &

17   Ex. 8, at 1), the SSCS website says the campaign entails "120+ Crew."  Neupert Opp'n Decl.

18   ¶ 4 & Ex. 3, at 1.  In any event, these matters will be covered in the proposed depositions

19   because plaintiffs want to explore who is paying for the food and other supplies on which the

20   "crew" depend for their well-being.  Surely for an operation that is currently underway, someone

21   at SSCS readily knows who is paying for fuel, food, and other supplies that are supporting the

22   operation.

23             The evidence as to ownership, control, and support of the vessels and crew is

24   relevant to plaintiffs' merits claims, as well as to compliance with the injunction.  While

25   enforcement of the injunction is a matter for the Ninth Circuit, plaintiffs should not be prevented

26    from pursuing facts relevant to both merits and the injunction simply because both are in play.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 6
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1    Nor should plaintiffs be delayed from doing so.  Defendants' claim of "needing

2    time" to prepare designees for the topics is inconsistent with the fact that defendants claim they

3    are "not involved" in the Southern Ocean campaign.  Moreover, the claim of needing time to

4    prepare designees for topics noted is not applicable to the request to depose the new president of

5    SSCS, who has only "assumed" that office since approximately January 7, 2013.  Finally, the

6    topic regarding the maintenance of SSCS's website should not require lengthy preparation, but it

7    is important as to whether SSCS sanctions the current operation because until approximately

8    January 16, 2013 (and after plaintiffs' notice of deposition raising the topic), the SSCS website

9    was touting the Zero Tolerance campaign and the support it had from SSCS.  Neupert Opp'n

10   Decl. ¶ 4 & Ex. 3.

11   As for logistical difficulties, defendants' counsel does not state when he is

12   traveling to Florida or how that impacts the depositions.  Insofar as plaintiffs are aware, the only

13   witness from California who must travel is the new president.  Neupert Opp'n Decl. ¶ 15.

14   Finally, the claim that deponents may need or want separate counsel is neither

15   supported by a declaration from someone with knowledge nor explained as to why a designee

16   would want or need separate counsel.  While it is true that plaintiffs intend to use the depositions

17   for any potential contempt order, as well as for the merits of their claims in this action, contempt

18   is only available against those enjoined.  If what counsel has represented to the Court is true

19   (SSCS has withdrawn support), then the prospect of contempt for a witness would seem to be

20   remote.

21                              **IV. <u>CONCLUSION</u>**

22   Ordinarily, timing of depositions is not significant and accommodations may be

23   made.  But this is not "ordinary" litigation, nor are defendants' actions "ordinary" actions.  For

24   purposes of this case and for purpose of potential deterrence, plaintiffs seek to discover whether

25   defendants intend to put plaintiffs' ships and crew in harm's way in a matter of days.  For this and

26

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 7
(C11-2043 RAJ)

PDXDOCS:1989785.4

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1   the other reasons set forth above, the Court should deny defendants' motion that seeks to delay

2   the depositions.

3           DATED this 22nd day of January, 2013.

4

5

6           By:        s/ John Neupert
            John F. Neupert, P.C. #39883
7           MILLER NASH LLP
            111 S.W. Fifth Avenue, Suite 3400
8           Portland, Oregon  97204-3699
            Telephone:  (503) 224-5858 or (206) 622-8484
9           Fax:  (503) 224-0155
            E-mail:   john.neupert@millernash.com
10          *Attorneys for Plaintiffs and Counterdefendants*
            *The Institute of Cetacean Research and Kyodo*
11          *Senpaku Kaisha, Ltd.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITIONS
SCHEDULED JANUARY 28-30, 2013 - 8
(C11-2043 RAJ)

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

1         I hereby certify that on January 22, 2013, I electronically filed the foregoing

2    Plaintiffs' Opposition to Defendants' Motion for Protective Order Regarding Depositions

3    Scheduled January 28-30, 2013, with the Clerk of the Court using the CM/ECF system, which

4    will send notification of such filing to the following:

5         Daniel P. Harris
          dan@harrismoure.com
6         Charles P. Moure
          charles@harrismoure.com
7         Rachel E. Buker
          rachel@harrismoure.com
8         HARRIS & MOURE, PLLC
          600 Stewart Street, Suite 1200
9         Seattle, Washington  98101
          Telephone:  (206) 224-5657
10        Fax:  (206) 224-5659
          *Attorneys for Defendants and Counterplaintiff*
11

12        DATED this 22nd day of January, 2013.

13

14        By:      s/ John Neupert
          John F. Neupert, P.C. #39883
15        *Of Attorneys for Plaintiffs and Counterdefendants*
          *The Institute of Cetacean Research and Kyodo*
16        *Senpaku Kaisha, Ltd.*

17

18

19

20

21

22

23

24

25

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
PHONE: (503) 224-5858 / FAX: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699