FILED

UNITED STATES COURT OF APPEALS

MAY 29 2013

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation and PAUL WATSON, an individual, <br><br> Defendants - Appellees. | No. 12-35266 <br><br> D.C. No. 2:11-cv-02043-RAJ Western District of Washington, Seattle <br><br> ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

The motion of non-parties Lani Blazier, Marnie Gaede, Bob Talbot, Robert Wintner and Ben Zuckerman ("the Directors") to dismiss contempt proceedings is denied.

To the extent that the Directors' due process arguments are based on Federal Rules of Procedure 8 and 65, those arguments were already raised in the December 31, 2012 motion for reconsideration filed by Sea Shepherd and Paul Watson, and rejected by the panel.

ES/AppellateCommissioner

The Directors' contention that Federal Rule of Procedure 48 does not authorize reference of the contempt motion to the Appellate Commissioner lacks merit.  The 1994 Committee Note to Rule 48 specifically provides that "[t]he courts of appeals have long used masters in contempt proceedings where the issue is compliance with an enforcement order."  Moreover, the court's February 21, 2013 referral order authorizes the Appellate Commissioner to conduct proceedings and to produce a report and recommendation.  The final disposition of the contempt motion remains with the panel.

The Directors argue for the first time in the reply brief that the referral has somehow become improper because "The Whalers have expanded these proceedings well beyond reasonable bounds . . . in violation of Rule 48."  But the Directors concede that the referral order contemplates amendment of the contempt motion, undercutting an argument that they did not raise in their original motion to dismiss.

The Directors contend that, as non-parties, they have not been able to raise their First Amendment concerns or other constitutional issues in the underlying matter.  They are free, of course, to raise them in these contempt proceedings, in a motion for reconsideration, and in objections to the report and recommendation.

ES/AppellateCommissioner