|   |   |
|---|---|
| 1 | THE HONORABLE JAMES L. ROBART |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,

        Plaintiffs,

v.

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation; and PAUL WATSON, an individual,

        Defendants.

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,

        Counterplaintiff,

v.

THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,

        Counterdefendants.

Case No.: 2:11-cv-02043-JLR

**DEFENDANT SEA SHEPHERD CONSERVATION SOCIETY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

NOTE ON MOTION CALENDAR:
JUNE 27, 2014

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 1
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## I. INTRODUCTION

This case is, and always has been, premised on Defendant Sea Shepherd Conservation Society's ("SSCS") opposition to plaintiffs' killing of whales, an activity that has now been halted by the International Court of Justice. The ICJ's judgment ("ICJ Judgment")[1] has effectively nullified the dispute between these parties. For that reason, and because any future whaling undertaken by plaintiffs is uncertain to occur, this litigation is either moot or unripe for adjudication and should be dismissed for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiffs instigated this suit in December 2011, seeking only injunctive and declaratory relief. *See generally*, Complaint, Dkt. #1. The first sentence of the first paragraph of plaintiffs' complaint describes plaintiffs' motives: "The purpose of this action is to enjoin defendants from attacking and endangering the safety of vessels, masters, crew, and researchers engaged in a research whaling operation in the Southern Ocean (the ocean encircling Antarctica)." Dkt. #1 at ¶ 1 (emphasis added).

SSCS opposes plaintiffs' killing of whales. *See* Declaration of Paul Watson, Dkt. #60 at ¶ 16 (stating that SSCS and its donors hope to "end the whalers' illegal whale slaughter). The genesis of the parties' dispute is evident in numerous filings in this case. *See* Plaintiffs' Motion for Preliminary Injunction, Dkt. #13 at 3 (noting that "Defendants . . . believe plaintiffs, their crew, and the researchers are engaged in illegal whaling."); Defendants' Answer, Affirmative Defenses, and Counterclaim, Dkt. #94 at ¶ 1 (denying plaintiffs' asserted objective in bringing the suit and stating that "[t]he 'purpose' of this action is to facilitate Plaintiffs' continued illegal commercial whale slaughter in the Southern Ocean Whale Sanctuary."). The district court and the court of appeals also observed that the killing of whales is at the very heart of this action. *See* Order Denying Motion for Preliminary Injunction, Dkt. #95 at 40 (considering SSCS's mission to protect Southern Ocean whales,

---

[1] The ICJ Judgment is attached as Exhibit A to the May 29, 2014 Declaration of Charles Moure.

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 2
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

noting that the plaintiffs had sued over SSCS's tactics used to protect the whales, and finding that "[i]f the court were to grant the whalers their injunction, more whales would die."); *see also Inst. for Cetacean Research v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940, 943 (9th Cir. 2013).

Plaintiffs claim to hunt and kill whales pursuant to special permits issued to them by the government of Japan, in accordance with the International Convention for the Regulation of Whaling, Article VIII ("Convention").[2] *See* Dkt. #1 at ¶¶ 10-11 and Ex. 1. In 1982, the International Whaling Commission voted to impose zero catch limits for all whale species. ICJ Judgment (Moure Ex. A) at ¶ 100. The commercial moratorium did not affect scientific special permit whaling under Article VIII, however. *Id.* at ¶ 55. Plaintiffs' special permit whaling is part of a purported research operation known as JARPA II.[3]

The government of Australia challenged JARPA II in the International Court of Justice in 2010, alleging that JARPA II is not a program "for purposes of scientific research" and that Japan had therefore breached various obligations under the Convention.[4] ICJ Judgment (Moure Ex. A) at ¶ 48. By a 12-4 vote, the ICJ agreed with Australia, holding that Japan had breached its obligations under the Convention and that JARPA II was not being conducted "for purposes of scientific research." *Id.* at ¶ 227. The ICJ faulted the design and implementation of JARPA II, finding that the target sample sizes and actual sample size were not reasonable or adequately explained in relation to JARPA II's objectives; that non-lethal methods were not seriously considered; and that funding considerations drove the design of JARPA II. *Id.* at ¶¶ 224-226. The ICJ further questioned the open-ended nature of JARPA II, the program's limited scientific output, and the lack of cooperation between JARPA II

---

[2] International Convention for the Regulation of Whaling, Dec. 2, 1946, 62 Stat. 1716, 161 U.N.T.S. 74. The full text of the Convention is attached to the Moure Declaration as Ex. B

[3] JARPA II is shorthand for the Second Phase of Japan's Whale Research Program Under Special Permit in the Antarctic. *See* Dkt. #1, Ex. 1 at 19.

[4] Case materials may be found at: www.icj-cij.org/docket/index.php?p1=3&p2=3&code=aj&case=148&k=64&p3=0.

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 3
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

researchers and other Antarctic scientists. *Id.* Accordingly, the ICJ ordered Japan to revoke any extant authorizations for JARPA II and to refrain from granting any new permits (ICJ Judgment at ¶ 245), thus halting the very activity SSCS has opposed and that forms the backbone of this entire case.

After the ICJ Judgment was announced, the Japanese Ministry of Foreign Affairs stated publicly that it would abide by that decision.[5] Plaintiffs have since stated on the record that they will not be receiving special permits from the government of Japan to conduct lethal research in the Southern Ocean during the 2014-2015 season. *See* Plaintiffs' Memorandum in Support of Continuation of Stay, Dkt. #176 at 2-3. Plaintiffs' counsel confirmed those statements during the recent status conference: "That decision [the ICJ Judgment] has removed, for present purposes, JARPA II, which is the authority under which Japan issues the permits to the plaintiffs. . . . Japan has announced for the upcoming season . . . that no permits will be issued. . . ." Hearing Tr. at 9:8-15.[6]

### III.   ARGUMENT AND AUTHORITIES

#### A.   The Intervening ICJ Judgment Renders This Case Moot.

Subject matter jurisdiction is fundamental; it may never be waived or forfeited, and it may be raised at any time. Fed. R. Civ. P. 12(h)(3); *see also Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). The court has a "continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (2013) (internal citations omitted). Mootness questions implicate a court's subject matter jurisdiction. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

---

[5] *See* International Court of Justice, Whaling in the Antarctic (Australia v. Japan: New Zealand Intervening) [Remarks by the Agent of Japan, Koji Tsuruoka], *available at:* http://www.mofa.go.jp/ecm/fsh/page2e_000012.html.
[6] A true and correct copy of excerpted portions of the April 16, 2014 status conference transcript is attached as Exhibit C to the Moure Declaration.

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 4
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

A claim is moot if ". . . changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc). The change in circumstances that has occurred in this case is ICR's lack of a special permit to continue its lethal research program. As explained above, the controversy between these parties stems from SSCS's opposition to plaintiffs' whaling activities, which SSCS has long contended is illegal. Now that plaintiffs no longer possess a special permit, that controversy is no longer a live dispute and, accordingly, *must* be dismissed. *See* Fed. R. Civ. P. 12(h)(3) (emphasis added); *Allard v. De Lorean*, 884 F.2d 464, 466 (9th Cir. 1989) (stating that a court has no jurisdiction to hear a case that cannot affect the litigants' rights).

### B. This Court Should Reject the Suggestion That Plaintiffs' "Expectation" Keeps This Case Alive.

In their memorandum regarding a stay (Dkt. #176), plaintiffs assert that they "expect" to return to the Southern Ocean in the 2015-2016 season to conduct research in accord with the ICJ Judgment. *Id.* at 2-3. This presumption was reiterated by plaintiffs' counsel at the status conference. Hearing Tr. at 9:10-12. But the *possibility* of the parties' dispute being revived cannot save plaintiffs' case.

First, the mootness inquiry tests whether there is a present, live controversy. *Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1053 (9th Cir. 2013). Stated differently, an actual controversy must exist during "all stages of review." *Di Giorgio v. Lee*, 134 F.3d 971, 974 (9th Cir. 1998) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).

There is no dispute that ICR does not currently possess a special permit and that it will not be receiving one in the upcoming season. The ICJ Judgment effectively ended JARPA II, the research program of which plaintiffs' whaling was a part. Therefore, plaintiffs will not be

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 5
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

killing whales, and SSCS will not be opposing such activities. There is simply no dispute at this time.

Second, plaintiffs' claims should also be dismissed as unripe, in that they rely on plaintiffs' hope or expectation they may resume whaling in the 2015-2016 season. Any such claim rests on the possibility plaintiffs will be granted a special permit to take whales under Article VIII of the Convention.

Courts eschew advisory opinions and avoid adjudicating hypothetical cases. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010). Thus, "if a claim is not ripe for review, the court lacks subject matter jurisdiction to hear it." *Shelter Creek Dev. Corp. v. City of Oxnard*, 838 F.2d 375, 377 (9th Cir), *cert denied*, 488 U.S. 851 (1988). An unripe claim is one that "rests upon 'contingent' future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted).

There is no certainty that plaintiffs will be awarded a special permit in 2015, or any other season. In fact, that decision does not even lie with plaintiffs; the Japanese government (a non-party here) will decide to whom a special permit will be issued and when it will take effect—if at all. *See* Convention (Moure Ex. B), Article VIII(1). The ICJ made it clear that Japan is to tread lightly if it resumes any special permit research whaling. *See* ICJ Judgment at ¶ 246 ("It is to be expected that Japan will take account of the reasoning and conclusions contained in this Judgment as it evaluates the possibility of granting any future permits. . . ."). Moreover, any new special permit proposals are to be reviewed by the Scientific Committee and discussed at the annual meeting of the International Whaling Commission.[7] That process

---

[7] This requirement is outlined in Paragraph 30 of the Convention Schedule, and in the guidelines contained in Annex P. True and correct copies of relevant excerpts of those documents are attached as Exhibit D to the Moure Declaration. *See also*, discussion of Paragraph 30 obligations in ICJ Judgment at ¶ 234. Annex P states that new proposals should be submitted at least six months prior to the annual meeting at which they are to be discussed, a deadline which has already passed for the upcoming Commission meeting in September 2014 (*see* https://events.iwc.int/index.php/commission/IWC65). The next Commission meeting will be in 2016. *See* http://iwc.int/meetingsmain. The annual meeting of the Scientific Committee just concluded. *See* https://events.iwc.int/index.php/scientific/SC65b. Thus, it may be quite some time before the Commission and/or

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 6
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

could be lengthy,[8] particularly because members will be grappling for the first time with the implications of the ICJ Judgment.

Because this case is premised on an alleged need to prevent SSCS from interfering with plaintiffs' research whaling operation, and because plaintiffs are not currently authorized to carry out that operation, there is nothing for this court to protect and no controversy to resolve. Plaintiffs' hope for a future permit does not ripen into a dispute between plaintiffs and SSCS unless and until the permit is granted and plaintiffs return to whaling in the Southern Ocean.

*Klamath Siskiyou Wildlands Center, et al. v. United States Bureau of Land Mgmt.*, 2007 U.S. Dist. LEXIS 20714 (D. Or. March 16, 2007), *reversed and vacated on other grounds,* 589 F.3d 1027 (9th Cir. 2009), illustrates these related doctrines[9] of mootness and ripeness and their affect on this action. Plaintiffs, various conservation groups, brought claims for declaratory and injunctive relief against the Bureau of Land Management ("BLM"), alleging that the agency's environmental assessment for a proposed timber sale violated federal environmental statutes. *Id.* at *1-2. Plaintiffs asked the court to enjoin the sale. *Id.* at *3. After BLM informed plaintiffs by letter that it was reconsidering the sale, pending further environmental study and public input, BLM argued the plaintiffs' claims were unripe and/or moot, and asked the court to dismiss for lack of subject matter jurisdiction. *Id.* at *5-6.

The district court granted BLM's motion, noting that plaintiffs' claims were contingent on future events because it was unknown whether BLM would proceed with the timber sale. 2007 U.S. Dist. LEXIS 20714 at *15. The court further stated that if the timber sale did eventually go forward, plaintiffs could again challenge BLM's action at that time. *Id.* BLM's motion to dismiss was also granted on mootness grounds. *Id.* at *21. That

---

the Scientific Committee is convened and available to review any plans for a new proposed research whaling program.
[8] *See generally*, Annex P (Moure Ex. D) at 3.
[9] The doctrines of mootness and ripeness are rooted in Article III justiciability requirements. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc).

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 7
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

determination rested on the fact that an intervening Ninth Circuit decision invalidated BLM's Annual Species Review decisions (which formed the basis of one of plaintiffs' claims) and the court's determination that "the relief that plaintiffs seek is premised on review of an administrative record and a possibility of injury that has been abnegated by the [BLM's] withdrawal of the [WSTS decision]." *Id.* at 17, 21 (internal citation omitted). Therefore, the court held it could not grant plaintiffs any effective relief, and dismissed the case in its entirety. *Id.* at *21.

Like the plaintiffs in *Klamath*, plaintiffs' clams here have been negated by a change in circumstances. In that case, the agency's decision to withdraw the proposed sale of forest lands nullified plaintiffs' claims. Here, the ICJ Judgment invalidated the authority under which plaintiffs kill whales—the very activity SSCS opposed and for which plaintiffs sought injunctive and declaratory relief. The "research whaling operation" at the heart of this dispute does not currently exist, precluding the court from granting effective relief and requiring dismissal.

Moreover, the grounds for dismissal are even stronger than in *Klamath* because the contingency, and whether it is realized, is outside plaintiffs' control. In *Klamath*, the BLM would determine whether the timber sale ultimately would occur. In this case, the Japanese government—not plaintiffs—controls the future of Japan's research whaling operation. This makes the possibility that plaintiffs' claims will ripen even more attenuated, and it certainly does not rise to the level of a "substantial controversy" necessary to confer jurisdiction. *See Educ. Credit Mgmt. Corp. v. Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009).

Finally, even if the Court finds plaintiffs' claims pass muster as constitutionally ripe, it should dismiss this action on prudential grounds. The prudential ripeness component considers the "fitness of the issues for judicial decision" and the "hardship to parties of withholding court consideration." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000) (en banc) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 8
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

(1967)). As explained above, plaintiffs' claims are currently contingent upon an eventuality (the issuance of future special permits) that may or may not occur, and are therefore unfit for judicial decision.

The hardship inquiry counterbalances the court's interest in delaying adjudication. *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 838-39 (9th Cir. 2012). Plaintiffs must demonstrate a hardship that is direct and immediate; the potential for future injury is insufficient to overcome the judiciary's interest in delay. *Anchorage v. United States*, 980 F.2d 1320, 1325-26 (9th Cir. 1992) (quoting *Chavez v. Director, OWCP*, 961 F.2d 1409, 1415 (9th Cir. 1992)); *see also Oklevueha* at 838. Plaintiffs cannot show they will suffer any immediate or direct hardship if the court declines to adjudicate this matter, particularly since they recently advocated for a stay of the action *in toto*. *See generally*, Dkt. #176.

### C. All of Plaintiffs' Claims Are Non-Justiciable.

No matter how they are constructed, each of plaintiffs' claims must fail for lack of justiciability (mootness and/or ripeness), and this action must be dismissed in its entirety.

First, plaintiffs seek only injunctive and declaratory relief; their complaint does not include claims for damages. Claims for both injunctive and declaratory relief are subject to justiciability requirements. *See Gator.com*, 398 F.3d at 1128-30. "[P]ast exposure to illegal conduct does not in itself show a present case or controversy" for equitable relief, without some possibility of "continuing, present adverse effects." *Olagues v. Russoniello*, 770 F.2d 791, 794 (9th Cir. 1985) *vacated on other grounds*, 484 U.S. 806 (1987) (internal citation and quotation omitted). Plaintiffs are not currently suffering any adverse effects from any of SSCS's alleged activity. All of the harms alleged by plaintiffs in their complaint stem from SSCS's opposition to their whaling activities—activities plaintiffs have ceased in response to a court order.

Plaintiffs may also argue their claims for declaratory relief are still live because the legality of SSCS's alleged tactics have not been resolved. But the U.S. Supreme Court

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 9
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

unequivocally rejected such an argument in *Alvarez v. Smith*. 558 U.S. 87, 93 (2009) (observing that, though the parties "continue to dispute the lawfulness of the State's hearing procedures . . . that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights. . . . [r]ather, it is an abstract dispute about the law, unlikely to affect these plaintiffs. . . ."). Similarly, a resolution of plaintiffs' claims by this Court will have no practical effect on the parties' rights and relations if plaintiffs are no longer conducting their whaling operations.

Lastly, though plaintiffs' four causes of action rely upon different substantive law, they must all suffer the same fate. The first two causes of action ("Freedom of Safe Navigation" and "Freedom from Piracy") are closely tied to the parties' relations at sea and the remaining two claims ("Freedom from Terrorism" and "State Law Claims") are also rooted in the parties' dispute over plaintiffs' whaling activities such that they are similarly mooted and/or unripe. Plaintiffs request the Court enjoin plaintiffs from "expending any money to fund any physical attacks on any vessel engaged by plaintiffs in the Southern Ocean." Dkt. #1 at ¶ 38. The same request for relief, premised on state law, is made at ¶ 42. Again, because plaintiffs are no longer conducting a research whaling operation, the dispute between these parties has died. Thus, the Court need not consider SSCS's fundraising or "financing" activities and should order dismissal of plaintiffs' entire complaint.

D.   **The Pending Contempt Proceeding in the Ninth Circuit Is Inconsequential to the Justiciability Inquiry Here.**

At the recent status conference, plaintiffs' counsel suggested that questions of the mootness or ripeness of plaintiffs' claims may be dependent upon forthcoming rulings from the Ninth Circuit. Hearing Tr. (Moure Ex. C) at 27:1-28:3. In fact, that pending matter is limited to issues raised in plaintiffs' motion for contempt, namely, whether SSCS violated the injunction entered by the Ninth Circuit. Order of Reference, Ninth Circuit Dkt. #44 (Moure Ex. E) at 1-2; *see also Jim Walter Resources, Inc. v. Int'l Union*, 609 F.2d 165, 168 (5th Cir.

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 10
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1980) (stating that "in civil contempt proceedings the question is . . . whether the alleged contemnors have complied with the court's order." (internal citation omitted)). The validity or existence of plaintiffs' special research permits was not at issue,[10] nor were plaintiffs' plans for future whaling operations. Indeed, the ICJ Judgment that halted plaintiffs' operations was not issued until months after the contempt hearing concluded. Moure Declaration at ¶ 7. The justiciability questions raised by SSCS at the status conference and in this motion hinge on whether or not there is a live controversy between the parties in the wake of the ICJ ruling—an inquiry that is not determined by the outcome of plaintiffs' motion for contempt.

## IV. CONCLUSION

In its April 28 order, this Court agreed that it is appropriate to address the justiciability of plaintiffs' claims. Dkt. #181 at 8. This motion demonstrates that considering those issues will not just "simplify" this case, but will prompt the Court to dispose of plaintiffs' claims against SSCS altogether. Because plaintiffs are no longer engaged in lethal research whaling activities, and because it is unknown when, if ever, plaintiffs will resume such activity, there is no dispute to adjudicate. Plaintiffs' action should be dismissed in full.

RESPECTFULLY SUBMITTED this Thursday, May 29, 2014.

HARRIS MOURE, pllc

By /s/ Charles Moure
Charles P. Moure, WSBA# 23701
Daniel P. Harris, WSBA# 16778
Rebecca Millican, WSBA# 47343
Hilary Bricken, WSBA# 43000
*Attorneys for Defendant-Counterplaintiff
Sea Shepherd Conservation Society*

---

[10] In fact, the contempt parties stipulated that plaintiffs had been issued special permits authorizing the taking of whales. Moure Declaration at ¶ 7 and Ex. F.

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 11
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on the below-indicated date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable James L. Robart, and will serve it on all associated counsel.

SIGNED at Seattle, Washington this 29th day of May, 2014.

_____
Kristen Keller

MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION – 12
Case No. 2:11-cv-02043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659