THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTC., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation; and PAUL WATSON, an individual,<br><br>　　　　　　　Defendants. | Case No.: 2:11-cv-02043-JLR<br><br>DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE<br><br>**Noted: July 11, 2014 (w/o oral argument)** |
| SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,<br><br>　　　　　　　Counterplaintiff,<br><br>　　v.<br><br>THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation, et al.,<br><br>　　　　　　　Counterdefendants. | |

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 1
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## I. INTRODUCTION

Plaintiffs concede that the ICJ Judgment has caused them to halt whaling operations until at least late 2015, and after that point the nature of their operations is speculative. Plaintiffs currently cannot point to facts establishing that a live case or controversy exists in which the Court has jurisdiction to enter an injunction against Defendant Paul Watson: that Plaintiffs now face a "real and immediate threat" of Watson personally causing Plaintiffs irreparable injury, and that injury caused by Watson is "certainly impending."[1]   Plaintiffs' Complaint should be dismissed, without prejudice to re-filing a Complaint if and when they can allege the necessary factual basis for the relief they seek.

Plaintiffs' theory apparently is that, <u>if</u> ICR develops a new whaling program, and <u>if</u> that program involves killing whales in the Antarctic Whale Sanctuary, and <u>if</u> the Government of Japan awards a permit to Plaintiffs notwithstanding the ICJ ruling, and <u>if</u> Watson is able to and decides to participate in some future anti-whaling campaign, and <u>if</u> Watson is given a position of control or authority over the actions taken in that campaign, then, assuming all those hypothetical future events, Plaintiffs <u>may</u> be injured by some action attributable to Watson individually.  As the Supreme Court held in *Whitmore v. Arkansas*, 495 U.S. 149, 110 S. Ct. 1717 (1990), such a multi-step hypothetical takes this Court "into the area of speculation and conjecture" that is beyond the Court's jurisdiction. *Id*., 495 U.S. at 158.

## II. ARGUMENT

**A.   Plaintiffs Concede Their Claims are Moot as to the 2014-2015 season.**

Plaintiffs make no serious attempt to show any live case or controversy exists between Plaintiffs and anyone as to the whaling season from December, 2014 through March, 2015 (the "2014-2015 season").  They effectively concede their claims are moot as applied to that season.

---

[1] *See* Section II.B.2, *infra*.

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 2
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Plaintiffs do not identify any facts that would support injunctive relief against Watson for the 2014-2015 season. As a result of the ICJ ruling, Plaintiffs say they will conduct only non-lethal "sighting surveys" (including taking tissue samples using crossbows and Larsen guns) to assess the populations of whale species.[2] Plaintiffs cannot point to any instance in which Watson, or any Sea Shepherd organization, has ever interfered with or endangered their operations, or threatened to do so, when they are conducting only non-lethal sampling. In fact, Plaintiffs do not even allege that Watson opposes the planned 2014-2015 research activities; they opaquely state only that unidentified "others" oppose them.[3] Plaintiffs' witness Yoshihiro Fujise states only that he is "concerned" that their operations may be interfered with.[4]

Plaintiffs quote from a web posting by Peter Hammarstedt of Sea Shepherd Australia, implying that he threatened to interfere with Plaintiffs' proposed sighting surveys.[5] In fact, in that posting Hammarstedt <u>endorsed</u> the research methods Plaintiffs intend to use.[6] In his Declaration filed herewith, Hammarstedt states unequivocally that he has no intention of interfering with the sighting surveys described in Plaintiffs' proposal.[7] Watson, in a Declaration also filed herewith, similarly states that he has never sought to prevent non-lethal whale research, including Plaintiffs' intended methods of biopsy sampling, and has no intention of doing so in the future.[8] All Plaintiffs are able to argue is that "no one has avowed an intent not to obstruct" their planned activities.[9] That is untrue, given Hammarstedt's and Watson's

---

[2] *See* Plaintiffs' Opp. to Def. Paul Watson's Mot. to Dismiss Plaintiffs' Claims as Moot and Unripe and to Defendant Sea Shepherd Conserv. Society's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. 187 (June 23, 2014) ("Opp.") at 6; Decl. of Yoshihiro Fujise, Ex. A at pp. 1-2.
[3] Opp. at 12.
[4] *See* Opp. at 2, 6; Fujise Decl., ¶ 3.
[5] *See* Opp. at 6-7; Decl. of John F. Neupert in Supp. of Plaintiffs' Opp. to Def. Paul Watson's Mot. to Dismiss Plaintiffs' Claims as Moot and Unripe and to Def. Sea Shepherd Conserv. Society's Mot. to Dismiss for Lack of Subject Matter Juris. ("Neupert Decl."), Dkt. 188 (June 23, 2014), ¶ 2 & Ex. 1.
[6] Neupert Decl., Ex. 1 at p.1.
[7] Declaration of Peter Ola Hammarstedt (July 9, 2014), ¶¶ 4-5 (filed herewith).
[8] Declaration of Paul Watson (July 9, 2014), ¶ 3 (filed herewith).
[9] Opp. at 12.

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 3
(C11-02043JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

statements, and would not in any event be an adequate basis for injunctive relief against anyone.

**B. Plaintiffs Cannot Currently State a Claim for Injunctive Relief For the 2015-2016 and Later Seasons.**

**1. Plaintiffs can only speculate about their future operations under a hoped-for new permit issued for an unknown future whaling program.**

Plaintiffs assume, without any evidentiary support, that they will resume what they call "lethal research" in the season from December 2015 to March 2016 (the "2015-2016 season"). Plaintiffs thus are seeking permanent injunctive relief today, based on assumptions about events that <u>might</u> occur 18 to 20 months from now. Plaintiffs say they "expect" to be conducting operations under a new permit issued by Japan pursuant to a new program that Japan will implement regardless of whether the program meets the ICJ's objections.[10] But Plaintiffs do not yet have any permit, and Plaintiffs have not shown that they speak for the Government of Japan, which issues the permits.

The statement of Kenji Kagawa, for Japan's Fisheries Agency, in no way establishes that Plaintiffs will have a permit to kill whales in the 2015-2016 season, in the name of research or otherwise. Kagawa implies that ICR will conduct whaling that season,[11] but states that whaling would be conducted only in accordance with "new research programs which will be reflecting standards indicated in the ICJ ruling[.]"[12] Kagawa states Japan will develop its new program by conducting a review of the Antarctic program including participation of an international group of scientists and discussions at the IWC Scientific Committee,[13] with a goal of submitting a new research program to the IWC Scientific Committee by the autumn of 2014.[14] Kagawa obviously makes no guarantees about the terms of this new program or whether it will be approved by the IWC Scientific Committee.

---

[10] *See* Opp. at 5, 13.
[11] Dkt. 191-2, Ex. 2 at p. 1, ¶ 3.
[12] *Id*. at p. 1, ¶ 3.
[13] *Id*. at p. 2, ¶ 2.
[14] *Id*.; *see* Opp. at 12.

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 4
(C11-02043JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

Kagawa's statement also fails to demonstrate that Plaintiffs will be free to proceed with lethal whaling as soon as Japan submits a plan to the IWC.[15] It is apparent from Plaintiffs' brief that the contemplated review and discussions have not occurred, that no new plan has yet been submitted, and no new permits have been issued.[16] Nor may the Court assume any such permits necessarily would be issued to the Plaintiffs. Plaintiffs' Director General, Yoshihiro Fujise, states only that ICR intends to <u>ask</u> the Japanese government to issue it permits for the new program, and that ICR hopes to receive a permit because it was given permits under the (now-condemned) JARPA II program.[17]

Plaintiffs similarly offer only speculation in attempting to justify injunctive relief against Watson.[18] "The equitable remedy [of injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'"[19]

### 2. Plaintiffs Misstate the Standard for Mootness in This Case.

Plaintiffs' action for injunctive relief against Watson is moot—there is no live case or controversy—because the factual basis for the claims in Plaintiffs' Complaint no longer exists. Because of the Japanese government's response to the ICJ ruling, Plaintiffs currently lack a permit to conduct lethal whaling in the Antarctic at <u>any</u> future time.

---

[15] *See* Opp. at 12, 13-14.
[16] As Plaintiffs acknowledge in their brief, the ICJ Judgment stated, "It is to be expected that Japan will take account of the reasoning and conclusions contained in this Judgment as it evaluates <u>the possibility</u> of granting <u>any future</u> permits under Article VIII, paragraph 1, of the Convention." Opp. at 4 (emphasis added) (quoting Dkt. 175, ICJ Judgment, ¶ 246 (Ex. A at 73).
[17] Decl. of Yoshihiro Fujise, Dkt. 189, at p. 2, ¶ 4.
[18] *See* Opp. at 4.
[19] *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 679 (1974). *Accord, Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 5
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[20] A case becomes "moot" when it has "lost its character as a present, live controversy of the kind that must exist if [courts] are to avoid advisory opinions on abstract propositions of law."[21] Article III's limitation on federal judicial power to "cases and controversies" restricts the courts to "redress[ing] or prevent[ing] actual or imminently threatened injury to persons caused by private or official violation of law."[22] The case or controversy requirement thus is a justiciability limitation that is reflected in all three of the related doctrines of mootness, standing,[23] and ripeness.[24] To establish the existence of a case or controversy, as well as their own standing, Plaintiffs must show the threatened injury is "certainly impending."[25]

Plaintiffs no longer can show there is any " real and immediate threat" of "substantial and immediate irreparable injury" to Plaintiffs' lethal whaling operations,[26] because there are no existing lethal whaling operations in the Antarctic; they have been halted due to the ICJ ruling. No "effective relief" can be granted when Plaintiffs cannot define the nature of their potential future activities that need protection; cannot show that Japan, a non-party, will give them permits to do anything; and cite no facts supporting any reasonable expectation that any renewed interference would come from Watson individually, rather than from other persons or

---

[20] *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1213 (9th Cir. 2009) (quoting *Northwest Envtl. Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988)).
[21] *State of Oregon v. F.E.R.C.,* 636 F.3d 1203, 1206 (9th Cir. 2011). *See also Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (a case may become moot after it is filed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)).
[22] *Summers v. Earth Island Institute*, 555 U.S. 488, 492, 129 S. Ct. 1142 (2009)
[23] *See Porter v. Jones*, 319 F.3d at 489.
[24] *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 617 (9th Cir. 1999).
[25] *Friends of the Earth, Inc. v. Laidlaw Env. Services, Inc.*, 528 U.S. 167, 190, 120 S.Ct. 693 (2000) (quoting *Whitmore v. Arkansas*, 495 U.S. at 158); *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179-80 (9th Cir. 2010); *cf.* Opp. at 8. Plaintiffs have not argued (and could not credibly argue) that this case involves events that are "capable of repetition, yet evading review." *See, e.g., Arc of Calif. v. Douglas*, __F.3d__, 2014 WL 2922662, *5 (9th Cir. June 30, 2014).
[26] *See* n.19 *supra* (citing *Lyons*, 461 U.S. at 111, and *Bates*, 511 F.3d at 985).

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 6
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

entities.[27] Plaintiffs also cannot show the alleged threat is "likely to be redressed by the prospective injunctive relief,"[28] because that showing cannot be based only on "past wrongs,"[29] and that is all Plaintiffs currently allege. "A moot case cannot be revived by alleged future harm that is so remote and speculative that there is no tangible prejudice to the <u>existing interests</u> of the parties."[30]

Plaintiffs invoke an inapplicable standard—that it must be "absolutely clear" that Plaintiffs no longer need protection,[31] and that the wrongful conduct could not reasonably be expected to recur.[32] The Supreme Court held that standard applies only to "a defendant's voluntary cessation of a challenged practice."[33] This case involves far more than a voluntary cessation; the entire underlying factual premise of Plaintiffs' claims has disappeared. There is simply no evidence that the activity for which protection is sought (lethal whaling) will ever recur.

### 3. Alternatively, Plaintiffs' claims for the 2015-2016 season may properly be dismissed as unripe for adjudication.

A claim is not ripe for adjudication "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."[34] Ripeness requires well-defined

---

[27] *See Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012 (9th Cir. 1990) (declaratory relief would not be effective, and could not be predicated on the challenged action's prejudice to the plaintiffs' "existing interests," where the future application of the government's policy to future timber sales was too uncertain and too contingent on the government's discretion).

[28] *Bates*, 511 F.3d at 985 (quoting *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1003 (9th Cir. 1998)).

[29] *Lyons*, 461 U.S. at 103; *Bates*, 511 F.3d at 985 (quoting *Lyons*); *Renne v. Geary*, 501 U.S. 312, 320-21, 111 S.Ct. 2331 (1991) ("Past exposure to illegal conduct does not in itself show a present case or controversy … if unaccompanied by any continuing, present adverse effects.")

[30] *Doe #1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012) (emphasis by the Court) (quoting *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (internal quotation marks omitted).

[31] Opp. at 8, 11 (quoting *Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003) (quoting *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000)).

[32] Opp. at 10, 11.

[33] *Laidlaw*, 528 U.S. at 189.

[34] *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998).

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 7
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  issues in a concrete factual setting.[35]  That test is not met here.  In *People of Village of Gambell v. Babbitt*, 999 F.2d 403 (9th Cir. 1993), a suit challenging plans for oil and gas leasing, the Ninth Circuit held that because the scope and nature of the proposed leasing activity were not yet known, the case was "too speculative for resolution by a federal court," and the claims were unripe.[36]  Similarly, Plaintiffs have no permits to conduct any lethal operations, and Plaintiffs have not presented any evidence that Watson has any position or authority in a future anti-whaling campaign.[37]  This action should not remain pending on the mere possibility that all these events could eventually occur.

Plaintiffs are wrong that ripeness may be measured only at the outset of an action.[38]  As Plaintiffs concede, the ripeness doctrine reflects Article III's jurisdictional case or controversy requirement.[39]  A case or controversy must exist through all stages of the action.[40]  In this case, events after the original Complaint was filed have resulted in the absence of a concrete "live" case or controversy.  As the Ninth Circuit stated in *Alcoa*, "Whether framed in terms of ripeness or standing, petitioners' alleged injury is too speculative to give rise to a case or controversy as required by Article III."[41]

Plaintiffs cite *Committee for Idaho's High Desert v. Collinge*, 148 F. Supp.2d 1097 (D. Id. 2001), a suit to enjoin a program to kill predators of the sage grouse if testing showed

---

[35] *See State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 403-404, 100 S.Ct. 1202, 1212-13 (1980).
[36] *Village of Gambell*, 999 F.2d at 407.
[37] The issue of Plaintiffs' inability to offer any proof that Watson would have authority in a 2015-2016 campaign is entirely separate from the issue before the Ninth Circuit.  That Court is considering the contempt hearing evidence that Watson resigned from his positions in 2012 at the beginning of Operation Zero Tolerance.  Whatever the Ninth Circuit's decision on the issue, it will not be a basis to presume what Watson's status will be three years later in 2015.  It is Plaintiffs' burden to show facts that <u>now</u> create a basis for their claim for injunctive relief.
[38] *See* Opp. at 15.
[39] *See* Opp. at 14.
[40] *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).
[41] *Alcoa*, 698 F.3d at 793.

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 8 (C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1 predation was a problem.[42] The court found the program was "contingent" only in a technical
2 sense, and "in common sense terms, it is inevitable."[43] Plaintiffs have not remotely shown it is
3 "inevitable" either that they will resume lethal whaling as planned or that Watson personally
4 will seek to intervene.

5       Nor is this case analogous to an FAA ruling that would determine the safety of a
6 proposed airport project. In *Sandell v. F.A.A.*, 923 F.2d 661 (9th Cir. 1990) (cited in Opp. at 14-
7 15), the court found the FAA's clear determination of safety in a final order was ripe for review,
8 even though the proposed airport had not yet been built, because it would be foolish to postpone
9 review until after the airport was constructed, and because the approval had its own immediate
10 adverse effects on the owner of a competing airport.[44] By contrast, the nature and timing of
11 Plaintiffs' potential future whaling activities are neither "clear" nor "final."

12       Plaintiffs question the vitality of the Supreme Court's long-standing consideration of
13 "prudential ripeness" factors.[45] The Supreme Court decision Plaintiffs cite, however, found
14 those factors easily met and did not abandon its prior analysis.[46] Prudential factors are not
15 determinative, because Plaintiffs' claims cannot meet even the minimum Article III
16 constitutional requirements for ripeness. Plaintiffs are simply wrong in contending that
17 prudential ripeness has been considered only in challenges to administrative regulations or
18 policies.[47] In *Stolt-Nielsen S.A. v. AnimalFeeds Intern. Corp.*, 559 U.S. 662, 130 S.Ct. 1758
19 (2010), for example, the Supreme Court considered prudential ripeness factors in reviewing an

---

[42] *See* Opp. at 14.
[43] *Collinge*, 148 F. Supp.2d at 1100.
[44] *Sandell*, 923 F.2d at 664.
[45] *See* Opp. at 17; Motion at 7.
[46] *See Susan B. Anthony List v. Driehaus*, No. 13-193, __ S.Ct. __, 2014 WL 2675871, *11 (June 16, 2014).
[47] *See* Opp. at 17.

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 9
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

arbitration decision in an antitrust dispute between shipping companies and a class of purchasers of tanker transportation services. *Id*. at 670 n.2.

### 4. The standard for standing to facially challenge the constitutionality of an enactment does not apply here.

Plaintiffs argue they need only show the ICJ ruling is not an "insurmountable barrier" to Plaintiffs' obtaining permits to resume their whaling activity, citing comments in two decisions involving a plaintiff's standing to bring a facial challenge to the constitutionality of an ordinance or statute.[48] Plaintiffs are incorrect. Even in a facial challenge to an enactment, Article III requires the continued existence of a case or controversy. As the Supreme Court held in *Summers*, a court may review the enactment "only to redress or prevent actual or imminently threatened injury to persons" caused by private or official violation of the law.[49]

### 5. Dismissal of this Action Now Would Not Be "Wasteful."

Plaintiffs' suggestion that it would be "wasteful" to "abandon [this] case at an advanced stage" is meritless.[50] The case before this Court is not "advanced"; it is essentially a new action. Judge Jones' decision on Plaintiffs' claims was reversed. Plaintiffs' Complaint against Watson is based on facts that have since changed substantially due to the ICJ ruling. If evidence taken in the previous trial of contempt issues is pertinent in any new action Plaintiffs may file, the level of detail of the Commissioner's findings and the further consideration by the Ninth Circuit make it highly unlikely the parties would ever need to relitigate any of the issues dealt with in that proceeding.

---

[48] *See* Opp. at 8-9 (citing *Clark v. City of Lakewood*, 259 F.3d 996 (9th Cir. 2001) (court commented that the expiration of a business owner's license was not an insurmountable barrier to his obtaining a new license so that owner had standing to bring facial challenge to license requirement for cabarets), and *Southern Calif. Barter Fair v. Jackson County, Oregon*, 372 F.3d 1128 (9th Cir. 2004), *cert. den.*, 546 U.S. 826 (2005) (plaintiffs had standing to challenge statute requiring license for new-age fair).
[49] *Summers*, 555 U.S. at 492-93.
[50] *See* Opp. at 7-8.

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 10
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**6. This Motion does not seek to moot issues before the Ninth Circuit.**

Plaintiffs contend that, by this Motion, Defendants ask this Court to preempt an issue before the Ninth Circuit, *i.e.*, Plaintiffs' theory that Watson and Sea Shepherd U.S. must "purge themselves of contempt" by seeking the return of certain ships and property used by other Sea Shepherd organizations.[51] This Motion has nothing to do with that issue.

On April 18, 2014, Defendants in the contempt proceeding filed a Sur-Reply with the Ninth Circuit, pointing out that the ICJ's ruling (that Plaintiffs' activities were not for scientific purposes and were a violation of international law) had dramatically shifted the equities and undercut any justification for Plaintiffs' proposed coercive contempt remedy.[52] That issue before the Ninth Circuit—whether the ICJ Judgment mooted Plaintiffs' proposed remedy in the Ninth Circuit for alleged contempt of the Injunction—is entirely separate from the question before this Court on this Motion to Dismiss, which is whether the ICJ ruling and Plaintiffs' response to it have mooted Plaintiffs' claims in this Court for permanent injunctive relief.

### III. CONCLUSION

Plaintiffs' Complaint should be dismissed as to Watson, without prejudice to Plaintiffs' re-filing their claims when and if they can establish facts that would state a claim for injunctive relief against Watson individually.

---

[51] *See* Opp. at 7.

[52] *See* Defendants-Appellees Sea Shepherd Conservation Society and Paul Watson and Non-Parties Lani Blazier, Marnie Gaede, Susan Hartland, Peter Rieman, Bob Talbot, Robert Wintner, and Ben Zuckerman's Sur-Reply, Ninth Circuit Case No. 12-35266, Dkt. No. 346 at p. 3 (April 18, 2014).

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 11 (C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1     DATED this 11th day of July, 2014.

2                                          CALFO HARRIGAN LEYH & EAKES LLP

4                                          By /s/ *Timothy G. Leyh*
                                               Timothy G. Leyh, WSBA #14853
5                                              Michelle Buhler, WSBA #16235
                                               Charles Jordon, WSBA #19206
6                                              999 Third Avenue, Suite 4400
                                               Seattle, WA  98104
7                                              Tel:  (206) 623-1700
                                               Fax:  (206) 623-8717
8                                              Email:  timl@calfoharrigan.com
                                                       michelleb@calfoharrigan.com
9                                                      chipj@calfoharrigan.com
                                               Attorneys for Paul Watson

DEFENDANT PAUL WATSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CLAIMS AS MOOT AND UNRIPE - 12
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2014, I electronically filed the foregoing with the Clerk of the U.S. District Court, Western District of Washington, using the CM/ECF system.

I additionally certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Signed at Seattle, Washington this 11th day of July, 2014.

*/s/ Susan Camicia*
Legal Assistant

DEFENDANT PAUL WATSON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLAIMS AS MOOT AND UNRIPE - 13
(C11-02043JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717