THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation; and PAUL WATSON, an individual,<br><br>　　　　　　　Defendants.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,<br>　　　　　　　Counterplaintiff,<br>　　v.<br><br>THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,<br><br>　　　　　　　Counterdefendants. | Case No.:   C11-2043 JLR<br><br>**DEFENDANT SEA SHEPHERD CONSERVATION SOCIETY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>NOTING DATE: Friday, July 11, 2014 |

REPLY IN SUPPORT OF
MOTION TO DISMISS – 1
Case No. C11-2043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## I.   INTRODUCTION

Plaintiffs' response opposing SCCS and Watson's motions to dismiss and its supporting declarations do not provide the Court any firmer footing to proceed with this case than did plaintiffs' prior statement that they "expect"[1] to conduct lethal research whaling beginning in 2015 or their counsel's assertion that a "new program will allow us to continue the [whaling] activities."[2] As described in defendants' motions, such aspirational declarations are insufficient to demonstrate there is a live controversy between these parties. Plaintiffs' claims have been mooted by the ICJ judgment and Japan's resultant discontinuation of JARPA II, and any dispute that might arise out of a future lethal whaling program is not yet ripe for review. Plaintiffs' claims should be dismissed.

## II.   ARGUMENT AND AUTHORITIES

### A.   SSCS Has Not "Confused" Mootness and Ripeness Doctrines.

In moving to dismiss for lack of subject matter jurisdiction, SSCS put forth two distinct arguments, designed to anticipate and refute plaintiffs' opposing contentions.

First, SSCS asserted that the ICJ ruling, and Japan's subsequent cancellation of the JARPA II research program, vitiated the dispute between these parties. Dkt. #186 at 6. SSCS reminded the court that this entire case is premised upon SSCS's opposition to plaintiffs' *lethal* whaling activities (a characterization plaintiffs do not dispute) and that in the absence of lethal whaling, SSCS would have nothing to oppose. *Id.* at 5. Thus, SSCS argued, this court could not adjudicate a controversy affecting' the parties rights, and must dismiss the case. *Id.* citing *Allard v. De Lorean*, 884 F.2d 464, 466 (9th Cir. 1989). Plaintiffs have not disputed that they will not whale in 2014-2015.

Second, in anticipation of plaintiffs' contention that they might return to lethal whaling in seasons beyond 2014-2015, SSCS argued that any controversy arising out of such

---

[1] *See* Plaintiffs' Memorandum in Support of Continuation of Stay, Dkt. #176 at 2-3.
[2] *See* Hearing Tr. at 9:11-12, attached as Exhibit C to the Declaration of Charles Moure (Dkt. #186-1).

REPLY IN SUPPORT OF
MOTION TO DISMISS – 2
Case No. C11-2043-JLR

Harris Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

future promised activity is currently unripe for review. Dkt. #186 at 6-8. As described in Section B, below, plaintiffs' claims, to the extent they rest on any "anticipated" lethal whaling activity, are contingent, and cannot yet be adjudicated.

The two separate theories proffered by SSCS are *alternative* bases for dismissal, and there is nothing unusual about both appearing in the same motion. Courts often entertain mootness and ripeness arguments presented in one motion or even *sua sponte*. *See Prof'l Helicopter Pilots Ass'n Local 102 v. U.S. Dep't of the Army*, 2013 U.S. Dist. LEXIS 180255 at *11, 19 (M.D. Ala. December 26, 2013); *Los Alamos Study Group v. United States DOE*, 794 F. Supp. 2d 1216, 1224, 1230 (D. N.M. 2011); *Klamath Siskiyou Wildlands Center, et al. v. United States Bureau of Land Mgmt.*, 2007 U.S. Dist. LEXIS 20714 (D. Or. March 16, 2007), *reversed and vacated on other grounds,* 589 F.3d 1027 (9th Cir. 2009).

**B.  A Contingency Exists That Justifies Dismissal.**

Plaintiffs reply on *Committee for Idaho's High Desert v. Collinge*, 148 F. Supp. 2d 1097 (D. Idaho 2001), to argue that defendants' asserted contingency is "highly technical" and insufficient. Plfs' Opp. (Dkt. #187) at 14. In *Collinge*, the event triggering the contingency was singular: a government test demonstrating a predation problem affecting sage grouse. 148 F. Supp. 2d at 1100. A positive result would give rise to government efforts to kill and trap sage grouse predators, an activity plaintiffs sought to enjoin. *Id.* The *Collinge* court rejected the government's ripeness argument because prior tests had already revealed a predation problem, thus the contingency was really a foregone conclusion. *Id.*

Plaintiffs characterize defendants' contingency argument as similarly "technical," presumably because plaintiffs believe their receiving a research permit is "inevitable," as was the contingency in *Collinge*. But the *Collinge* court only had to consider one contingency. Here, several hurdles stand between plaintiffs and the resumption of whaling: plaintiffs must follow through on their promised development of a research program to replace JARPA II that meets the constraints of the ICJ judgment; submit that plan to the IWC Scientific

REPLY IN SUPPORT OF
MOTION TO DISMISS – 3
Case No. C11-2043-JLR

Harris Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

1  Committee; and award plaintiffs a permit to kill whales in the pursuance of the new research
2  program. Plaintiffs also fail to consider myriad other factors that may affect this process, such
3  as the upcoming meeting of the International Whaling Commission in September 2014[3] or the
4  effects of political and diplomatic pressures on Japan to cease whaling in response to the ICJ
5  ruling.[4] When a contingency rests on a number of factors that may or may not occur, a claim
6  is not ripe for adjudication. *Texas v. United States*, 523 U.S. 296, 300 (1998).

        The declaration of Mr. Fujise (Dkt. #189) and the affidavit of Mr. Kagawa (attached as Ex. 2 to the Ohmagari Declaration, Dkt. #191) simply do not provide the confidence in Japan's future whaling plans that plaintiffs seek to ascribe to them. Mr. Fujise, ICR's director general, merely states that he "intends to ask" the Japanese government for future research permits. Dkt. #189 at ¶ 4. Mr. Kagawa, Deputy Director-General of the Fisheries Agency of Japan, says nothing about to whom research permits will be issued, and nowhere mentions plaintiff ICR. Dkt. #191-2. Kagawa only asserts that Japan confirms its "basic policy to continue pursuing the resumption of commercial whaling" through research programs. Plaintiffs were apparently able to secure the cooperation of Mr. Kagawa, a Japanese Fisheries Ministry official, in providing a declaration, but Mr. Kagawa was unable or unwilling to represent to this court that plaintiffs would be included in the future research plans. Thus, plaintiffs fail to connect any research plans of Japan to any whaling activities of plaintiffs; the vague affirmations of Mr. Fujise and Mr. Kagawa do not overcome the contingency created by Japan's cancellation of JARPA II and unspecified future research plans.

---

[3] *See* https://events.iwc.int/index.php/commission/IWC65. According to the draft agenda for the IWC meeting, both the ICJ case and scientific permit whaling will be discussed. Agenda available for download at: http://iwc.int/iwc65docs.

[4] It is evident that members of the governments of New Zealand (*see* http://www.theaustralian.com.au/news/latest-news/nz-expresses-concern-over-japans-whaling/story-fn3dxix6-1226980267075?nk=8e4387c892597f395cd5fd829ecf6e0d) and Australia (*see* http://www.theguardian.com/environment/2014/jul/08/tony-abbott-urged-to-raise-whaling-concerns-with-shinzo-abe), the two plaintiffs before the ICJ, are displeased with Japan's intended resumption of whaling. As such, further legal action by those countries should not be ruled out.

REPLY IN SUPPORT OF
MOTION TO DISMISS – 4
Case No. C11-2043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

### C. A Controversy Is Not Created Out of Third Party Statements.

Plaintiffs attempt to fend off defendants' mootness charge by asserting their "concern[] about the safety of their upcoming operations." Plaintiffs imply they are under threat due to statements made by Peter Hammarstedt criticizing the sighting surveys plaintiffs plan to conduct in 2014-2015, and that that threat demonstrates the existence of a live controversy. Plfs' Opp. (Dkt. #187) at 2; Fuijse Decl. (Dkt. #189) at ¶ 3. But Mr. Hammarstedt's statements cannot form the basis of a controversy between these parties for two reasons. First, Mr. Hammarstedt has not held a position with SSCS (official or unofficial) since December 2012. July 11, 2014 Declaration of Scott West at ¶ 5. It is believed Mr. Hammarsted is now associated with Sea Shepherd Australia Limited. *Id.* Accordingly, statements of Mr. Hammarstedt are not statements of SSCS and should not be taken as an authority on SSCS's future intentions. *Id.* Second, SSCS has not, and does not currently, oppose non-lethal research activities. West Decl. at ¶ 8. In fact, SSCS has consistently argued that lethal research is unnecessary, given modern advances in research methods, and the advent of techniques such as sampling via biopsy darts. *See* Defs' Response in Opp. to Plfs' Motion for Preliminary Injunction, Dkt. #53 at 7, 8. SSCS's position—that it opposes the *slaughter* of whales, not their study—has always been abundantly clear. *Id.* at 12 ("Defendants interfere with Plaintiffs because Plaintiffs' slaughter of whales is illegal.").

For similar reasons, plaintiffs' reliance on a statement by Paul Watson, SSCS founder, is misguided, and does not demonstrate the existence of a live dispute. Captain Watson, like Peter Hammarstedt, also holds no position with SSCS. West Decl. at ¶ 7. Though he may speak generally of the ambitions of "Sea Shepherd," when doing so he refers to the global "Sea Shepherd" movement,[5] not the specific activities of Sea Shepherd Conservation Society, an Oregon non-profit entity that is a defendant in this case. *Id.*

---

[5] Plaintiffs continue to insist that the activities of independent entities such as Sea Shepherd Australia Limited and their employees are properly attributed or imputed to SSCS. In footnote 2, plaintiffs contend that Watson's statement "is irreconcilable with the notion that SSCS and Watson separated from the acts that plaintiffs contend

REPLY IN SUPPORT OF
MOTION TO DISMISS – 5
Case No. C11-2043-JLR

Harris Moure
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

The statements of Hammarstedt and Watson are not attributable to SSCS, and are not relevant to the mootness question before the court. Whatever the intentions of other Sea Shepherd organizations, SSCS, *the only Sea Shepherd organization before this court*, has no plans to conduct or participate in a future whale defense campaign in the Southern Ocean. West Decl. at ¶ 3.

### III.   CONCLUSION

A court must continually monitor the subject matter jurisdiction of cases before it. The U.S. Constitution requires that an actual controversy exist at "all stages" of litigation. *Already v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). Plaintiffs ask the court to retain jurisdiction over this case based upon a dispute that, at the very soonest might be revived at the end of 2015. Plaintiffs have provided the court with little more than optimism a new lethal research program will be developed and their assurance they will request a permit to carry it out. That is not enough. Plaintiffs claims should be dismissed.

RESPECTFULLY SUBMITTED this Friday, July 11, 2014.

HARRIS MOURE, PLLC

By /s/ Charles Moure
Charles P. Moure, WSBA# 23701
Daniel P. Harris, WSBA# 16778
Rebecca Millican, WSBA# 47343
Hilary Bricken, WSBA# 43000
*Attorneys for Defendant-Counterplaintiff*
*Sea Shepherd Conservation Society*

---

constitute contempt of the Ninth Circuit's Injunction." In fact, the statement, speaking only generally of "Sea Shepherd" is perfectly reconcilable, given that the organizations are not now (nor were they in 2012) one and the same. This issue was decided against plaintiffs by Commissioner Shaw, and is the law of the case. *See generally* Report and Recommendation, Ninth Cir. Dkt. #314 (Jan. 31, 2014).

REPLY IN SUPPORT OF
MOTION TO DISMISS – 6
Case No. C11-2043-JLR

**Harris Moure**
*A Professional Limited Liability Company*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on below-indicated date, I electronically filed the foregoing Defendant Sea Shepherd Conservation Society's Reply In Support Of Its Motion To Dismiss For Lack Of Subject Matter Jurisdiction and accompanying declaration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable James L. Robart, and will serve it on all associated counsel.

SIGNED at Seattle, Washington this 11th day of July, 2014.

_____
Kristen Keller

REPLY IN SUPPORT OF
MOTION TO DISMISS – 7

Harris Moure
A Professional Limited Liability Company
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659