|   |   |
|---|---|
|   | The Honorable James L. Robart |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,<br><br>                  Plaintiffs,<br>    v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, and PAUL WATSON, an individual,<br><br>                  Defendants.<br><hr>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,<br><br>                  Counterplaintiff,<br>    v.<br><br>THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,<br><br>                  Counterdefendants. | No. C11-2043JLR<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS THE INSTITUTE OF CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD., AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND FOR REMEDIAL SANCTIONS FOR CONTEMPT |

ORDER GRANTING PLAINTIFFS THE INSTITUTE OF
CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD.,
AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND
FOR REMEDIAL SANCTIONS FOR CONTEMPT - 1
(C11-2043JLR)

70011078.1

The motion to lift stay and for remedial sanctions for contempt filed by plaintiffs The Institute of Cetacean Research, Kyodo Senpaku Kaisha, Ltd., and Tomoyuki Ogawa ("Plaintiffs") came before the Court on _____, 2015.

Based on the record and files herein, including the declarations, arguments of counsel, and evidence admitted at the hearing, as well as the December 19, 2014, Ninth Circuit Opinion on a Motion for Contempt (9th Cir. Dkt. No. 360), holding defendants Sea Shepherd Conservation Society ("SSCS") and Paul Watson ("Watson") and the now former directors of SSCS (Lani Blazier, Marnie Gaede, Bob Talbot, Robert Wintner, Ben Zuckerman, and Peter Rieman, individually and collectively, the "Former Directors") in contempt, the Court finds and ORDERS that:

(1) Plaintiffs' motion to lift stay of this case is GRANTED.

(2) Plaintiffs' motion for an order of remedial sanctions for contempt is GRANTED as follows:

    (a) Each Former Director is fined the sum of $500,000 payable to the Court. The fine is suspended as to each Former Director so long as that individual complies with the preliminary injunction order issued December 17, 2012, by the Ninth Circuit (9th Cir. Dkt. No. 31; W.D. Wash. Dkt. No. 118) ("Injunction"). Should a Former Director violate the Injunction, then the person violating shall immediately pay $500,000 to the Court.

    (b) SSCS is fined the sum of $2,000,000 payable to the Court. SSCS shall post a bond for the benefit of the Court in that amount by a qualified surety within 10 days of entry of this Order. The fine is suspended, provided that SSCS complies with the Injunction, does not encourage, support, induce, or incite others to violate the Injunction, and, in addition, exercises all good-faith effort to:

        (i) promptly secure SSCS's control over the vessels *Bob Barker*, *Brigitte Bardot*, *Sam Simon*, and *Steve Irwin*, including but not

ORDER GRANTING PLAINTIFFS THE INSTITUTE OF
CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD.,
AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND
FOR REMEDIAL SANCTIONS FOR CONTEMPT - 2
(C11-2043JLR)

70011078.1

limited to enforcing all legal rights SSCS has as respects possession or control of those vessels and their respective ancillary equipment, including but not limited to such rights that exist under the following documents:

 (A) January 2013 grant agreement from SSCS to Sea Shepherd Australia Limited ("SSAL") (grant of equipment aboard *Brigitte Bardot*);

 (B) January 12, 2013, grant agreement from SSCS to Stichting Sea Shepherd Conservation Society ("SSN") (grant of equipment aboard *Steve Irwin*);

 (C) January 12, 2013, grant agreement from SSCS to SSN (grant of *Bob Barker*);

 (D) October 4, 2012, agreement for transfer and grant of vessel between SSAL, SSCS, and New Atlantis Ventures, LLC (grant of *Sam Simon*);

 (E) December 21, 2010, grant agreement from SSCS to SSAL (grant of *Brigitte Bardot*); and

 (F) March 9, 2012, deed of transfer for *Steve Irwin*.

(c) Good-faith effort shall include, if necessary, the commencement and enforcement of lawsuits seeking possession and control of the vessels and equipment against anyone exercising possession or control over them. By way of example only, if the *Bob Barker* is not returned to SSCS's possession and control in response to its request, then SSCS shall immediately initiate legal proceedings to secure that possession and control. If Peter Hammarstedt (or any other person) is in command or control of *Bob Barker* and he (or she) refuses to surrender possession and control of *Bob Barker* to SSCS, then SSCS shall initiate appropriate civil or criminal proceedings against

ORDER GRANTING PLAINTIFFS THE INSTITUTE OF
CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD.,
AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND
FOR REMEDIAL SANCTIONS FOR CONTEMPT - 3
(C11-2043JLR)

70011078.1

Mr. Hammarstedt (or such other person) in order to remove him (or her) from control or command of *Bob Barker*.

    (d)    Watson is fined the sum of $2,000,000 payable to the Court. The fine is suspended, provided that:

        (i)    Watson complies with the Injunction;

        (ii)    Watson does not encourage, support, induce, or incite others to violate the Injunction; and

        (iii)    Watson exerts good-faith effort to assist SSCS in complying with its obligations set forth in (b) and (c) above.

    (e)    Defendants shall report to the Court within 14 days of issuance of this Order of the steps they have undertaken and will undertake to comply with this Order and shall similarly report thereafter upon request of Plaintiffs or the Court.

    (f)    Defendants shall pay Plaintiffs their reasonable expenses, including attorney fees, in monitoring or securing compliance with this Order. Such expenses shall be paid quarterly by defendants upon Plaintiffs' submission of appropriate documentation seeking reimbursement. The Court will resolve any disputes regarding payment.

    (g)    Should the remedies set forth herein be insufficient to remedy the contempt of the Former Directors and the defendants, and to ensure future compliance with the Injunction, then, for good cause shown, Plaintiffs may seek any additional appropriate remedy.

This Order shall be effective upon filing.

DATED this _____ day of _____, 2015.

                                     _____
                                     Honorable James L. Robart
                                     UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS THE INSTITUTE OF
CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD.,
AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND
FOR REMEDIAL SANCTIONS FOR CONTEMPT - 4
(C11-2043JLR)

70011078.1

1  Presented by:

2  By:    <u>s/ John F. Neupert</u>
   John F. Neupert, P.C. #39883
3  MILLER NASH GRAHAM & DUNN LLP
   111 S.W. Fifth Avenue, Suite 3400
4  Portland, Oregon 97204
   Telephone: (503) 224 5858 or (206) 624-8300
5  Fax: (503) 224-0155 or (206) 340-9599
   E-mail:   john.neupert@millernash.com
6  *Attorneys for Plaintiffs and for Counterdefendants*
   *The Institute of Cetacean Research and*
7  *Kyodo Senpaku Kaisha, Ltd.*

ORDER GRANTING PLAINTIFFS THE INSTITUTE OF
CETACEAN RESEARCH, KYODO SENPAKU KAISHA, LTD.,
AND TOMOYUKI OGAWA'S MOTION TO LIFT STAY AND
FOR REMEDIAL SANCTIONS FOR CONTEMPT - 5
(C11-2043JLR)

70011078.1