1

2

3

4

5

6                                                    The Honorable James L. Robart

7

8                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10   THE INSTITUTE OF CETACEAN
     RESEARCH, a Japanese research
11   foundation; KYODO SENPAKU                    No. C11-2043JLR
     KAISHA, LTD., a Japanese corporation;
12   TOMOYUKI OGAWA, an individual; and           THIRD AMENDED JOINT STATUS
     TOSHIYUKI MIURA, an individual,              REPORT AND DISCOVERY PLAN
13
                          Plaintiffs,
14
              v.
15
     SEA SHEPHERD CONSERVATION
16   SOCIETY, an Oregon nonprofit
     corporation, and PAUL WATSON, an
17   individual,
                          Defendants.
18   _____

19   SEA SHEPHERD CONSERVATION
     SOCIETY, an Oregon nonprofit
20   corporation,
                          Counterplaintiff,
21            v.

22   THE INSTITUTE OF CETACEAN
     RESEARCH, a Japanese research
23   foundation; KYODO SENPAKU
     KAISHA, LTD., a Japanese corporation;
     and HIROYUKI KOMURA, an individual,
24
                          Counterdefendants.
25   _____

26

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 1
(C11-2043JLR)

70006675.10

1    Pursuant to the Court's Order Staying Case (Dkt. No. 181) and Minute Order

2  (Dkt. No. 212), the parties to this action, by the undersigned counsel, submit this Third Amended

3  Joint Status Report and Discovery Plan.  Because Plaintiffs and Defendants have substantially

4  different views on various matters, this report will set forth separately the parties' respective

5  positions.

6    **1.    Statement of the Nature of the Case:**

7    PLAINTIFFS' RESPONSE:

8    On December 19, 2014, the Ninth Circuit issued its Opinion on a motion for

9  contempt (9th Cir. Dkt. No. 360) ("Opinion"), holding Defendants in this action (Sea Shepherd

10  Conservation Society ("SSCS") and Paul Watson ("Watson")) and a number of (now former)

11  directors of SSCS ("Directors")[1] in contempt for violations of the injunction it issued

12  December 17, 2012 (9th Cir. Dkt. No. 31) ("Injunction").  The Ninth Circuit issued an order to

13  Appellate Commissioner Peter Shaw to determine the amount that should be awarded to

14  Plaintiffs for their costs and attorney fees incurred in connection with the contempt proceedings,

15  as well as in "compensation for any actual damages suffered and resources (such as fuel and

16  personnel costs) that were wasted as a result" of the contempt.  Order, 9th Cir. Dkt. No. 362, at 2.

17    In its Opinion, the Ninth Circuit also stated:

18    The Plaintiffs' requests for coercive sanctions and an order to compel
    compliance should be directed to the district court.  Our opinion of February 25,
19    2013, as amended May 24, 2013, provided that the preliminary injunction "will
    remain in effect until further order of this court."  *Inst. of Cetacean Research*,
20    725 F.3d at 947.  However, we issued our mandate on June 7, 2013, at which time
    the district court assumed supervision over the Defendants' present compliance
21    with the preliminary injunction.  While we retain jurisdiction to order remedial
    relief for acts of contempt that took place prior to the issuance of our mandate,
22    because these coercive sanctions are forward-looking, we believe that policing the
    Defendants' continuing compliance with the preliminary injunction is better left to
23    the district court, subject to our review on appeal.  This panel retains jurisdiction
    over all appeals in this case.

24

25  ───────────────

26  [1] Lani Blazier, Marnie Gaede, Bob Talbot, Robert Wintner, Ben Zuckerman, and Peter Rieman were directors of
    SSCS and were parties to the contempt proceedings.

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 2
(C11-2043JLR)

1  Opinion, Dkt. No. 360, at 49.

2          As a result of this direction from the Ninth Circuit, this Court now assumes

3  jurisdiction to address Plaintiffs' request for coercive sanctions against Defendants and the

4  Directors.  As noted by the Ninth Circuit, those coercive sanctions could include, as Plaintiffs

5  requested, "bonded, suspended sanctions in the amount of $2 million or such amount the court

6  deems appropriate; and . . . an order directing that the Defendants may purge themselves of

7  contempt by seeking in good faith to revoke their grants of property to Sea Shepherd entities."

8  Opinion, Dkt. No. 360, at 48.  In this respect, on March 5, 2015, all Plaintiffs other than

9  Toshiyuki Miura[2] filed their motion to lift stay and for remedial sanctions for contempt

10  ("Motion").  Dkt. No. 214.

11          Plaintiffs believe the current stay of this action should be lifted so the Court can

12  (1) issue appropriate coercive sanction(s) as requested in the Motion in order to ensure the

13  preliminary injunction issued by the Ninth Circuit is observed in the future, and (2) allow

14  Plaintiffs' claims for a permanent injunction and SSCS's counterclaim regarding the ADY GIL

15  collision to proceed to resolution.

16          Plaintiffs further believe that the Directors, who were held liable for contempt, are

17  parties to this proceeding to the extent of coercive sanctions for contempt.  Plaintiffs' counsel has

18  notified Directors' counsel of this position, and Directors' counsel (listed on the certificate of

19  service) is being served with this joint status report and has been served with the Motion.

20          As noted below, Defendants seek an "immediate" status conference with the

21  Court to determine how to proceed with the Motion, among other things.  Plaintiffs agree that an

22  immediate status conference could be useful, unless the Court believes that it would be

23  preferable to receive full briefing of the Motion before conducting a status conference.  If so,

24  Plaintiffs suggest the Motion remain noted for March 27, 2015, and it be fully briefed.  The

25

26  _____
[2] Plaintiff Toshiyuki Miura is now retired and will be dropped as a plaintiff when a first amended complaint is filed.

1    Court could then use the noting date to conduct a status conference.  Plaintiffs believe that

2    counsel for the Directors should be ordered to attend any status conference pertaining to the

3    Motion.

4            Finally, Plaintiffs believe that a conference with the Court would be appropriate

5    to determine, among other things, (i) whether the Injunction entered by the Ninth Circuit will be

6    stipulated to as permanent; (ii) to what extent Defendants will stipulate to facts to expedite trial

7    on the merits; and (iii) whether the case should be bifurcated between Plaintiffs' claims and

8    SSCS's counterclaim.

9            <u>DEFENDANTS' RESPONSE</u>:

10           Defendants agree that the stay of this action should be lifted so that the Court may

11   consider Plaintiffs' request for a permanent injunction and Defendants' counterclaims, including

12   substantial additional counterclaims that will be asserted in Defendants' amended pleadings.

13           Defendants agree that in its December 19, 2014 ruling, the Ninth Circuit directed

14   that "Plaintiffs' requests for coercive sanctions and an order to compel compliance should be

15   directed to the district court," because, unlike the request for fees and damages, over which it

16   retained jurisdiction, the requests for coercive sanctions are "forward-looking."  9th Cir. Dkt.

17   No. 360 at 49.  Until Plaintiffs filed their Motion to Lift Stay and for Remedial Sanctions for

18   Contempt on March 5, 2015 (Dkt. 214) ("Motion for Remedial Sanctions"), they had not

19   specified what they were requesting in terms of coercive sanctions from this Court, and the

20   nature of their requests to the Ninth Circuit have changed dramatically over time.  In regard to a

21   similar request for coercive sanctions, the Appellate Commissioner found that Plaintiffs had

22   "failed to prove" the factual basis for such a request, and had provided "no substantial legal

23   support" for the steps that they now urge Defendants must take to comply with the injunction.

24   9th Cir. Dkt. 314 at 78.  Plaintiffs' Motion for Remedial Sanctions is thus clearly not ripe for

25   resolution on the briefing, and as discussed below, it implicates many substantive issues that will

26   be adjudicated during the litigation over the permanent injunction.  Defendants believe Plaintiffs'

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 4
(C11-2043JLR)

1   Motion for Remedial Sanctions should be adjourned, and that Plaintiffs should incorporate their

2   request for remedial sanctions into an amended complaint, so that it can be adjudicated along

3   with the litigation over the permanent injunction.

4            Plaintiffs indicate that they "believe" that six former volunteer directors of the

5   board of SSCS "are parties to this proceeding." They are not. They were named as alleged

6   contemnors in the contempt proceeding instituted by Plaintiffs in the Ninth Circuit, which was

7   adjudicated by that Court. The Ninth Circuit has re-referred that contempt proceeding to the

8   Ninth Circuit's Appellate Commissioner to determine, among other things, whether the former

9   volunteer directors should be liable for any attorney's fees, costs, or damages claimed by

10  Plaintiffs in connection with the contempt proceeding. The Ninth Circuit's ruling did not add the

11  former directors as parties to this proceeding, and Plaintiffs have not joined them. It is hard to

12  imagine that there will be any basis on which to join the former directors as parties. None of

13  them has ever personally participated in any Southern Ocean anti-whaling campaign. The Ninth

14  Circuit found them in contempt solely based on their service on the SSCS board of directors.

15  Now that none of them remains on the SSCS board, they have no link to the permanent

16  injunction proceeding, and no ability or authority to ensure Defendants' compliance with the

17  injunction. Because the former directors are not parties to this proceeding, Defendants believe

18  that counsel for the directors should not be ordered to attend any status conference in the case.

19           Defendants will not stipulate to the entry of a permanent injunction, and it is

20  premature to consider whether or not it is appropriate to stipulate to any facts. Defendants do not

21  believe this case should be bifurcated as between Plaintiffs' claims and Defendants'

22  counterclaims, as discussed further below.

23           Defendants believe an immediate status conference with the Court is necessary, so

24  that the Court can set deadlines that will allow this action to proceed promptly to the discovery

25  stage, and so that it can determine the process for adjudicating Plaintiffs' Motion for Remedial

26  Sanctions, against which Defendants must otherwise file an opposition brief by March 23, 2015.

1    The Motion for Remedial Sanctions encompasses disputed factual questions as to which no

2    discovery has been conducted, and implicates substantive issues that are fundamental to the

3    underlying action, such as the terms of any permanent injunction and of any counter-injunction,

4    as discussed below.  As a result, Defendants suggest that briefing on the motion at this time

5    would not be efficient or helpful to the Court, and that Plaintiffs' request for coercive sanctions

6    should instead be incorporated into Plaintiffs' complaint.

7         **2.**     **Alternative Dispute Resolution:**

8            <u>PLAINTIFFS' RESPONSE</u>:  Plaintiffs do not believe ADR would be worthwhile.

9            <u>DEFENDANTS' RESPONSE</u>:  Defendants are willing to consider engaging in

10    ADR at an appropriate time.

11         **3.**     **Timing of Alternative Dispute Resolution:**

12            <u>PLAINTIFFS' RESPONSE</u>:  Because Plaintiffs do not believe ADR would be

13    worthwhile, Plaintiffs take no position as to timing of ADR.

14            <u>DEFENDANTS' RESPONSE</u>:  Defendants do not believe ADR would be

15    productive at this time, but are willing to consider engaging in ADR at an appropriate time.

16         **4.**     **Deadline for Joinder of Additional Parties or Claims:**

17            <u>PLAINTIFFS' RESPONSE</u>:  Plaintiffs believe the date for joinder of additional

18    parties or claims should be April 6, 2015.

19            <u>DEFENDANTS' RESPONSE</u>:  Defendants agree the deadline for joinder should

20    be April 6, 2015, and for the reasons discussed below, believe Plaintiffs should also be required

21    to file an amended complaint by that date, which would include their request for coercive

22    sanctions.

23         Plaintiffs filed their complaint in this matter on December 8, 2011, and filed a

24    motion for a preliminary injunction on December 14, 2011.  Dkts. 1, 13.  On March 19, 2012,

25    Judge Richard Jones denied Plaintiffs' motion for a preliminary injunction, and granted in part

26    and denied in part Defendants' motion to dismiss.  Dkts. 95, 96.  On April 26, 2012, Judge Jones

1    issued a Minute Order Setting Trial Date and Related Dates, which set August 15, 2012 as the

2    deadline for the joinder of additional parties, and March 20, 2013 as the deadline for amending

3    pleadings.  Dkt. 112.  The Ninth Circuit issued an injunction pending appeal on December 17,

4    2012 (Dkt. 118), and on February 1, 2013, Judge Jones stayed this action and vacated the case

5    deadlines.  Dkt. 131.  On February 25, 2013, the Ninth Circuit issued an opinion (which was

6    amended on May 24, 2013) that reversed Judge Jones's denial of Plaintiffs' motion for a

7    preliminary injunction and the dismissal of their piracy claims, but did not make a ruling

8    regarding Judge Jones's dismissal of Plaintiffs' safe navigation claims.  Dkts. 135, 148.  On

9    June 7, 2013, the Ninth Circuit issued a mandate effectuating this judgment.  Dkt. 150.  On

10   April 28, 2014, this Court ordered the stay in this action to remain in place, pending resolution of

11   the contempt proceedings still being conducted in the Ninth Circuit.  Dkt. 181.  The Ninth

12   Circuit issued an opinion and order on Plaintiffs' motion for contempt on December 19, 2014.

13   The Ninth Circuit declined to issue a mandate effectuating this order, stating that the mandate

14   had already been issued on June 7, 2013.  Dkt. 211.

15          Given the passage of time and changes in factual circumstances, the rulings by

16   Judge Jones, the rulings by the Ninth Circuit, the extensive litigation in the Ninth Circuit over the

17   issue of contempt, and Plaintiffs' addition of claims through their Motion for Remedial

18   Sanctions, Defendants believe it would streamline and focus these proceedings if Plaintiffs were

19   required to amend their December 8, 2011 complaint to offer a more definite statement of the

20   claims on which they now wish to proceed.  Defendants propose that Plaintiffs' deadline to

21   amend the complaint (including the addition of their request for coercive sanctions) and join

22   additional parties should be April 6, 2015.  In order to expedite the discovery process,

23   Defendants propose that they file amended counterclaims by April 13, 2015.  Defendants

24   propose that they answer and/or move to dismiss the amended complaint by May 11, 2015.

25

26

1     **5.      Proposed Discovery Plan:**

2          **A.      FRCP 26(f) Conference and Initial Disclosures:**

3          <u>PLAINTIFFS' RESPONSE</u>:  Due to the discovery previously conducted in this

4     case (to a limited extent) and the contempt proceeding, and due to the Ninth Circuit's Opinion,

5     Plaintiffs believe initial disclosures and an FRCP 26(f) conference are unnecessary.

6          <u>DEFENDANTS' RESPONSE</u>:  Only limited discovery was previously conducted

7     in this case, and discovery in the contempt proceeding did not address many of the issues

8     relevant to consideration of the requested permanent injunction and the counterclaims that will

9     be asserted in Defendants' amended pleadings.  Defendants believe that initial disclosures should

10    be required, and a FRCP 26(f) conference should be held, after the deadline for amending

11    pleadings, and propose a date of May 18, 2015.

12         **B.      Scope of Discovery:**

13         <u>PLAINTIFFS' RESPONSE</u>:  Assuming that Defendants will not stipulate to a

14    permanent injunction or to particular facts, then the scope of discovery should cover all issues

15    raised by the complaint (or any amended complaint) and Defendants' defenses.  Discovery may

16    also be necessary in connection with assessing coercive sanctions as a remedy for contempt.

17         Discovery related to the counterclaim should be limited as discussed below.

18         <u>DEFENDANTS' RESPONSE</u>:  Defendants will not stipulate to a permanent

19    injunction, and it is premature to discuss whether it may be appropriate to stipulate to any

20    particular facts.  The scope of discovery should cover all issues raised by the amended complaint

21    and amended defenses and counterclaims, and Plaintiffs' request for coercive sanctions.  Further

22    statements regarding the scope of discovery are premature.

23         **C.      Scope and Limitations of Discovery:**

24         <u>PLAINTIFFS' RESPONSE</u>:  Discovery involving the counterclaim should be

25    stayed for two reasons.

26

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 8
(C11-2043JLR)

1    First, Plaintiffs understand that arbitration is occurring February 16-20, 2015,

2    between Ady Gil and Defendants where the question of whether Defendants intentionally

3    scuttled the ADY GIL will be decided.  That arbitration arises in the case of *Ady Gil et al. v.*

4    *Sea Shepherd Conservation Soc'y et al.*, No. 2:13-cv-00657-GW-PLA (C.D. Cal. filed Jan. 30,

5    2013).  If the arbitration results in a finding that Defendants intentionally scuttled the ADY GIL,

6    that will likely affect liability or damages in this action.  An arbitration decision is not likely

7    before the end of April 2015.

8    The other reason a stay of discovery as to the counterclaim should occur is

9    because it will be costly (entailing discovery from witnesses located in New Zealand, Japan, and

10    around the United States) and perhaps unnecessary.  It may be unnecessary due to the arbitration

11    discussed above but also due to a defense based on the statute of limitations, an issue Plaintiffs

12    intend to present by way of a partial summary judgment motion.  In another action, now

13    dismissed,[3] Plaintiffs and Defendants briefed the question of whether the counterclaim is barred

14    by the International Convention for the Unification of Certain Rules of Law Respecting

15    Collisions Between Vessels, signed at Brussels, Sept. 23, 1910 ("Brussels Convention")

16    [1910] UKTS 4_1913 (Cd. 6677) (entered into force Mar. 1, 1913),

17    http://www.bailii.org/uk/other/UKTS/1910/4_1913.html.  The Brussels Convention provides that

18    "[a]ctions for the recovery of damages are barred after an interval of two years from the date of

19    the casualty."  Brussels Convention, art. 7.  The collision occurred on January 6, 2010 (Dkt.

20    No. 94, at 17:2), and the counterclaim was filed in this action on March 16, 2012.  Because the

21    issue has already been briefed, it would be easy to promptly present it to the Court by way of a

22    motion for partial summary judgment to be filed by Plaintiffs.  If the Court determines that the

23    counterclaim is barred by the statute of limitations, costly discovery on the counterclaim would

24    be avoided.

25    _____

26    [3] *Sea Shepherd Conservation Soc'y v. Inst. of Cetacean Research et al.*, No. 3:13-cv-00213-MO (D. Or. filed Feb. 7, 2013).

1      <u>DEFENDANTS' RESPONSE</u>:  Defendants will file substantial additional

2   counterclaims in their amended pleadings, which will moot Plaintiffs' contentions regarding the

3   bifurcation of the current counterclaim.  Among other allegations, Defendants will bring claims

4   against Plaintiffs based on their regular use of violent and dangerous strategies over the past

5   several years to protect their hunting of whales in the Southern Ocean – a hunt that was declared

6   illegal last year by the International Court of Justice.   In addition to seeking damages for past

7   activities, as in the current counterclaim, Defendants' amended counterclaims will also seek to

8   have an injunction imposed against Plaintiffs to constrain their future activities.  As the amended

9   pleadings will thus make apparent, there are common issues related to Plaintiffs' claims and

10   Defendants' counterclaims, such that it will serve the interests of both justice and efficiency to

11   adjudicate both at the same time.

12      The adjudication over whether to enjoin Plaintiffs' violent and illegal activities

13   will also impact the consideration of Plaintiffs' request for coercive sanctions, making it

14   necessary for those questions to be adjudicated at the same time.  Furthermore, the terms of any

15   injunction against Defendants should be clarified before any such coercive sanctions are

16   considered.  Although more than three years have passed since Plaintiffs instituted this action,

17   Defendants remain under a *temporary* injunction, while the action for a permanent injunction has

18   been stayed in accordance with Plaintiffs' request, and thus has not proceeded past the initial

19   pleadings stage.  In finding contempt, the Ninth Circuit acknowledged that SSCS had *not*

20   violated the express terms of the preliminary injunction, which requires that Defendants refrain

21   from approaching Plaintiffs' vessels closer than 500 yards in the Southern Ocean, attacking

22   them, or interfering with their safe navigation.  Dkt. 118.  The Ninth Circuit conceded that SSCS

23   had done none of these things, but rather found that it was in contempt of the unwritten "spirit"

24   of the injunction.  (9th Cir. Dkt. 360 at 36-37).  Similarly, Plaintiffs do not seek to enforce any

25   express terms of the injunction through their Motion for Remedial Sanctions, but attempt to

26   further broaden the scope of the temporary injunction.  For example, they vaguely claim that

1   coercive sanctions should be imposed to prevent Defendants from "encourag[ing]" actions by

2   third parties,[4] and to require SSCS to seek possession of vessels and equipment that were granted

3   to other entities up to four years ago.

4          After more than three years of litigation, and a contempt finding based upon

5   requirements that are not encompassed within the language of the temporary injunction,

6   Defendants are entitled to an adjudication of whether a permanent injunction should be imposed,

7   and if so, what its terms should be, and whether it should also include prohibitions on Plaintiffs'

8   conduct.  Without express terms that both Defendants and Plaintiffs can follow, coercive

9   sanctions would be unfair, one-sided, and premature.  Defendants should not continue to face

10   uncertain liability based on the continual reinterpretation of unexpressed terms of the preliminary

11   injunction, which leaves their potential liability subject to speculation and continuous litigation.

12   For these reasons, Defendants believe that Plaintiffs' request for coercive sanctions should be

13   considered as a part of their claims in the underlying action, and adjudicated along with

14   Defendants' counterclaims.

15          **D.      Discovery Management:**

16          PLAINTIFFS' AND DEFENDANTS' RESPONSE:  See above.

17          **E.      Discovery Orders**:

18          PLAINTIFFS' RESPONSE:  On February 1, 2013, the Court stayed discovery,

19   pending the Ninth Circuit's decision on Plaintiffs' appeal of denial of their motion for a

20   preliminary injunction, but allowed discovery as to compliance with the Ninth Circuit's

21   Injunction.  Dkt. No. 131. The Court also terminated all existing discovery motions because they

22   did not deal with compliance with the Injunction.  Dkt. No. 131, at 2:1-3.  Due to changed

23

24   _____

25   [4] Plaintiffs do not explain what would constitute such encouragement, leaving open the likelihood that they would seek sanctions for contempt if Defendants take actions such as speaking out against Plaintiffs' illegal activities in the Southern Ocean, even while Defendants continue to have no involvement in Southern Ocean whale protection

26   campaigns.

1   circumstances since their filing, Plaintiffs believe all existing discovery motions should remain

2   terminated, with leave to renew as circumstances may warrant.

3           DEFENDANTS' RESPONSE:  Defendants agree that all existing discovery

4   motions should remain terminated, with leave to renew after amended pleadings are filed.

5       **6.      Proposed Discovery Deadline:**

6           PLAINTIFFS' RESPONSE:  If the Court stays discovery on the counterclaim,

7   Plaintiffs believe the deadline for completion of discovery on their claims and the coercive

8   sanctions should be September 30, 2015.

9           DEFENDANTS' RESPONSE:  Defendants believe that the Court should lift the

10  stay as to all of Plaintiffs' claims and Defendants' counterclaims, including for consideration of

11  Plaintiffs' request for coercive sanctions, such that discovery will proceed immediately as to all

12  claims following the deadlines for amended pleadings.  Because the claims and counterclaims

13  will implicate broad issues over which there has been no discovery up to this point, Defendants

14  propose that the discovery deadline for both should be March 1, 2016.

15      **7.      Trial Before a United States Magistrate Judge:**

16          PLAINTIFFS' AND DEFENDANTS' RESPONSE:

17          The parties do not consent to referring this matter to a Magistrate Judge.

18      **8.      Bifurcation of Case:**

19          PLAINTIFFS' RESPONSE:  Plaintiffs believe the first priority is to establish the

20  appropriate coercive sanction(s) as the remedy for contempt because Plaintiffs expect to resume

21  Southern Ocean research operations that entail lethal take beginning at the end of 2015 or early

22  2016.  The Southern Ocean "season" is approximately three months—January to March of each

23  year—and Plaintiffs' vessels usually leave Japan in December or early January in order to reach

24  the Southern Ocean by the beginning of the season.  If Defendants are to be ordered to take steps

25  to revoke the grants of ships and other equipment used to commit violations of the Injunction,

26  that process needs to begin soon to be effective before the next season.

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 12
(C11-2043JLR)

1    In addition, for the reasons discussed above, the counterclaim should be

2  bifurcated and put on a separate and later track to facilitate its efficient resolution.

3    DEFENDANTS' RESPONSE:  As discussed above, Plaintiffs' argument

4  regarding the bifurcation of Defendants' current counterclaim will be rendered moot by

5  Defendants' amended counterclaims.  It is Defendants' belief that Plaintiffs' amended claims

6  (including the request for coercive sanctions) and Defendants' amended counterclaims will

7  present closely related issues which should be decided at the same trial, and they thus oppose any

8  bifurcation of those claims.

9    **9.    Dispensing with Pretrial Statements and Orders:**

10    PLAINTIFFS' AND DEFENDANTS' RESPONSE:

11    The requirements of Local Civil Rule 16 should be observed in this case.

12    **10.    Other Suggestions to Shorten or Simplify Case:**

13    PLAINTIFFS' AND DEFENDANTS' RESPONSE:  Other than the above, none at

14  this time.

15    **11.    Trial:**

16    PLAINTIFFS' RESPONSE:  Plaintiffs believe the case should be tried after

17  April 2016.  The Ninth Circuit's Injunction that remains in place, together with Defendants'

18  efforts to exercise control over the ships that committed contempt (as part of Plaintiffs' request

19  for remedial contempt sanctions), hopefully will suffice to protect Plaintiffs over the 2015-2016

20  season.

21    DEFENDANTS' RESPONSE:  Defendants believe that the case should be tried

22  after July 2016.

23    **12.    Jury/Non-Jury:**

24    PLAINTIFFS' RESPONSE:  Plaintiffs have not requested a jury trial.

25    DEFENDANTS' RESPONSE:  Defendants have requested a jury trial.

26

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 13
(C11-2043JLR)

1    **13.     Length of Trial:**

2          <u>PLAINTIFFS' RESPONSE</u>:  Depending on what facts may be stipulated to, a

3    very preliminary estimate of the length of trial is two to three weeks.

4          <u>DEFENDANTS' RESPONSE</u>:  Defendants agree that, as a preliminary estimate,

5    the length of trial will be two to three weeks.

6    **14.     Names, Addresses, and Telephone Numbers of Trial Counsel:**

7          **A.     Plaintiffs' Counsel:**

8    John F. Neupert, P.C. #39883
     E-mail:  john.neupert@millernash.com
9
     M. Christie Helmer #41171 (*admitted pro hac vice*)
10   E-mail:  chris.helmer@millernash.com

11   MILLER NASH GRAHAM & DUNN LLP
     111 S.W. Fifth Avenue, Suite 3400
12   Portland, Oregon  97204
     Telephone:  (503) 224-5858 or (206) 624-8300
13
          **B.     Counsel for Defendant Sea Shepherd Conservation Society:**
14
15   Douglas W. Greene, WSBA# 22844
     E-mail:  greened@lanepowell.com
16
     Claire Loebs Davis, WSBA# 39812
17   E-mail:  davisc@lanepowell.com

18   Kristin Beneski, WSBA# 45478
     E-mail:  beneskik@lanepowell.com
19
     LANE POWELL PC
20   1420 Fifth Avenue, Suite 4200
     P.O. Box 91302
21   Seattle, Washington  98111-9402
     Telephone:  (206) 223-7000

22

23

24

25

26

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 14
(C11-2043JLR)

**C.     Counsel for Defendant Paul Watson:**

Timothy G. Leyh, WSBA# 14853
E-mail:  timl@calfoharrigan.com

Charles S. Jordan, WSBA# 19206
E-mail:  chipj@calfoharrigan.com

Michelle Buhler, WSBA# 16235
E-mail:  michelleb@calfoharrigan.com

CALFO HARRIGAN LEYH & EAKES LLP
999 Third Avenue, Suite 4400
Seattle, Washington  98104
Telephone:  (206) 623-1700

**15.     Service:**

PLAINTIFFS' and DEFENDANTS' RESPONSE:  All current parties, other than counterclaim defendant Hiroyuki Komura, have been served.

**16.     Scheduling Conference:**

PLAINTIFFS' RESPONSE:  As noted above at page 3, line 20, through page 4, line 3, Plaintiffs request a status conference but note that a status conference may be more productive after Plaintiffs' Motion is fully briefed.  Otherwise, Plaintiffs have no opposition to an immediate status conference.

DEFENDANTS' RESPONSE:  For the reasons discussed above, Defendants request an immediate conference to discuss scheduling in this case, and believe that briefing on

1   the Motion for Remedial Sanctions in advance of such a status conference would be not be

2   efficient or helpful to the Court.

3            DATED this 10th day of March, 2015.

4

5   By:      s/ John F. Neupert                          By:   s/ Claire Loebs Davis (with consent)
    John F. Neupert, P.C. #39883                        Claire Loebs Davis #39812
6   MILLER NASH GRAHAM & DUNN LLP                        LANE POWELL PC
    111 S.W. Fifth Avenue, Suite 3400                    1420 Fifth Avenue, Suite 4200
7   Portland, Oregon  97204                              P.O. Box 91302
    Telephone:  (503) 224-5858 or (206) 624-8300         Seattle, Washington  98111-9402
8   Fax:  (503) 224-0155                                 Telephone:  (206) 223-7000
    E-mail:   john.neupert@millernash.com                Fax:  (206) 223-7107
9   *Of Attorneys for Plaintiffs and for*                E-mail:   davisc@lanepowell.com
    *Counterdefendants The Institute of Cetacean*        *Of Attorneys for Defendant/Counterplaintiff*
10  *Research and Kyodo Senpaku Kaisha, Ltd.*            *Sea Shepherd Conservation Society*

11

12                                                       By:   s/ Timothy G. Leyh (with consent)
                                                         Timothy G. Leyh #14853
13                                                       CALFO HARRIGAN LEYH & EAKES LLP
                                                         999 Third Avenue, Suite 4400
14                                                       Seattle, Washington  98104
                                                         Telephone:  (206) 623-1700
15                                                       Fax:  (206) 623-8717
                                                         E-mail:   timl@calfoharrigan.com
16                                                       *Of Attorneys for Defendant Paul Watson*

17

18

19

20

21

22

23

24

25

26

THIRD AMENDED JOINT STATUS REPORT AND
DISCOVERY PLAN - 16
(C11-2043JLR)

1

**CERTIFICATE OF SERVICE**

2

       I hereby certify that on March 10, 2015, I electronically filed the foregoing

3

Third Amended Joint Status Report and Discovery Plan with the Clerk of the Court using the

4

CM/ECF system, which will send notification of such filing to the following:

5

Douglas W. Greene
greened@lanepowell.com

Timothy G. Leyh
timl@calfoharrigan.com

6

Claire Loebs Davis
davisc@lanepowell.com

Charles S. Jordan
chipj@calfoharrigan.com

7

Kristin Beneski
beneskik@lanepowell.com

Michelle Buhler
michelleb@calfoharrigan.com

8

LANE POWELL PC

CALFO HARRIGAN LEYH & EAKES LLP

9

1420 Fifth Avenue, Suite 4200
P.O. Box 91302

999 Third Avenue, Suite 4400
Seattle, Washington  98104

    Seattle, Washington  98111-9402

    *Attorneys for Defendant Paul Watson*

10

*Attorneys for Defendant/Counterplaintiff*
*Sea Shepherd Conservation Society*

11

12

       I further certify that on the date indicated above, I served the foregoing document

13

on:

14

Mr. David F. Taylor
DFTaylor@perkinscoie.com

Ms. Kristina S. Bennard
kbennard@yarmuth.com

15

Ms. Kathleen M. O'Sullivan
KOSullivan@perkinscoie.com

Ms. Julia D. Woog
jwoog@yarmuth.com

16

Mr. Zachary P. Jones
ZJones@perkinscoie.com

Yarmuth Wilsdon PLLC
818 Stewart Street, Suite 1400

17

Perkins Coie LLP
1201 Third Avenue, Suite 4900

Seattle, Washington  98101
*Attorneys for Peter Rieman*

18

Seattle, Washington  98101-3099
*Attorneys for Marnie Gaede,*

19

*Ben Zuckerman, Lani Blazier,*
*Robert Wintner, and Bob Talbot*

20

21

by the following indicated method or methods:

22

23

24

25

26

1

2      ☒      **First-class mail, postage prepaid.**

3      ☐      **Hand-delivery.**

4
       ☐      **Overnight courier, delivery prepaid.**
5

6      ☒      **E-mail, as a courtesy only.**

7

8             DATED this 10th day of March, 2015.

9
                                   By:      s/ John F. Neupert
10                                 John F. Neupert, P.C. #39883
                                   *Of Attorneys for Plaintiffs and for*
11                                 *Counterdefendants The Institute of Cetacean*
                                   *Research and Kyodo Senpaku Kaisha, Ltd.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 2
(C11-2043JLR)

70006675.10