

U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204

OFFICE 503.224.5858
FAX 503.224.0155

**John F. Neupert, P.C.**
Admitted in Oregon and Washington
john.neupert@millernash.com
(503) 205-2461 direct line
(503) 205-8566 direct fax

June 9, 2015

**VIA ECF SYSTEM**

The Honorable James L. Robart
United States District Judge
United States Courthouse
700 Stewart Street, Suite 14128
Seattle, Washington  98101-9906

Subject:   *Institute of Cetacean Research, et al. v. Sea Shepherd
            Conservation Society, et al.*
           Case No. C11-2043JLR

Dear Judge Robart:

This letter is in response to last evening's letter to you from defendants' counsel.  Dkt. 240.

Plaintiffs do not oppose a telephone status conference, but they do oppose any delay in briefing on Plaintiffs' Motion to Dismiss Defendants' First Amended Counterclaims.  Dkt. 238 ("Motion").

As noted in the Motion, defendants have alleged seven counterclaims.  Of the seven counterclaims, only one of them (the Sixth counterclaim) is subject to release under the release and settlement agreement executed yesterday ("Agreement").  And under the Agreement, the release of the Sixth counterclaim is contingent on (i) Sea Shepherd Conservation Society ("SSCS") making the required payment under the Agreement on or before July 1, 2015 and (ii) the passage of 90 days from payment without SSCS filing a bankruptcy proceeding or without one being commenced against it.  If SSCS is confident that nothing will occur to prevent the release from becoming operative, SSCS can simply respond in its briefing on the Motion that the Sixth counterclaim is dismissed without prejudice, and if payment is made and 90 days pass without the contingency occurring, then the claim is fully and finally released.  There is

Portland, OR
Seattle, WA
Vancouver, WA
Bend, OR
Long Beach, CA

MILLERNASH.COM



The Honorable James L. Robart
June 9, 2015
Page 2

no need to delay briefing on the Motion or to amend pleadings to deal with the Sixth counterclaim.

      As to the other counterclaims, to plaintiffs' understanding, none of them are affected in any way by the Agreement, and counsel's letter does not explain otherwise.  Of the six remaining counterclaims, five of them are subject to dismissal on standing (and other) grounds as argued in the Motion and, if dismissed, will avoid the need for discovery, which is about to commence.  The other claim is the Fifth counterclaim, which is a reprise of the previous counterclaim for damages arising from the ADY GIL collision.  It, too, is not affected by the Agreement and needs resolution because, if plaintiffs are correct, either as to their pending motion for partial summary judgment on the claim (Dkt. 228, 229, 232, and 233) or the Motion, which incorporates those arguments, then costly discovery may be avoided.

      The Agreement executed yesterday has served to narrow the dispute between the parties, and it occurred when it did because of a pending deadline in the Ninth Circuit.  It is plaintiffs' belief that if their Motion is well taken, this dispute will be further narrowed to just plaintiffs' claims, most of which are, as a practical matter, largely resolved by the Ninth Circuit's rulings. Thus, delaying briefing on the Motion will only serve to delay ultimate resolution of this action.

                              Very truly yours,

                              s/ John F. Neupert

                              John F. Neupert, P.C.

cc (via ECF system):    Ms. Claire Loebs Davis
                              Ms. Kristin Beneski
                              Mr. Douglas W. Greene

70031483.1